398 So.2d 836 (1981)
INSURANCE COMPANY OF NORTH AMERICA, Petitioner,
v.
Manuel NOYA and Ana Nilda Noya, His Wife, and Nestor Davila and Sonia Davila, His Wife, D/B/a Las Guitarras Restaurant, Respondents.
No. 80-1286.
District Court of Appeal of Florida, Fifth District.
April 1, 1981.
*837 Janet Brown of Haas, Boehm, Brown & Rigdon, P.A., Orlando, for petitioner.
Joseph A. Rosier, Altamonte Springs, for respondents.
SHARP, Judge.
Petitioner, Insurance Company of North America, seeks review by certiorari[1] of the trial court's order requiring petitioner to produce, pursuant to a subpoena duces tecum, various documents for which petitioner asserts it has a "work-product"[2] privilege and an attorney-client privilege. The trial court ruled it would protect petitioner's attorney-client privilege by conducting an "in-camera" inspection of the materials, but that petitioner had waived its "work-product" privilege for the balance of the subpoenaed documents by failing to file objections to the subpoena duces tecum or moving for a protective order prior to the deposition. We have jurisdiction,[3] and we grant the petition.
The scope of permissible discovery in civil cases is set by Florida Rule of Civil Procedure 1.280(b):

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: ... parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action,... . (Emphasis supplied)
Rule 1.280(b)(2) provides that a party's "work-product"  documents and materials "prepared in anticipation of litigation or for trial" can be reached only if the party seeking discovery makes a showing that he needs the materials to prepare his case and "that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means." Respondent made no such showing in this case. Absent such a showing, and an order of the court *838 designed to "protect against disclosure ... the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of a party," such materials are outside the scope of discovery, and not reachable by the discovery process.
Don Mott Agency, Inc. v. Pullum, 352 So.2d 107 (Fla. 2d DCA 1977), is not controlling because that case dealt with materials for which no privilege was asserted. The respondent in Don Mott argued the discovery sought should be limited because it was "unreasonable and oppressive" and designed to annoy, embarrass, and be unduly expensive, although otherwise it was within the permissible scope of discovery. Rule 1.140(b) and (c) expressly require a party to file timely motions to quash, or for a protective order, or written objections, in order to limit discovery of documents and materials otherwise within the scope of discovery. Failure to take such timely action waives these objections,[4] but it does not bar a party from asserting a privilege or exemption for matters outside the scope of permissible discovery.
For the reasons stated in this opinion, the petition for writ of certiorari is granted, and the lower court's order is amended to delete the requirement that petitioner produce the materials for which it asserts a "work-product" privilege.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.030(b)(2)(B)
[2] Fla.R.Civ.P. 1.280(b)(1).
[3] Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla. 2d DCA 1977); cert. denied, 358 So.2d 135 (Fla. 1978); Southern Millcreek Products Co., Inc. v. Delta Chemical Co., 203 So.2d 53 (Fla. 3d DCA 1967); Winn Dixie Stores, Inc. v. Belcher, 144 So.2d 863 (Fla. 2d DCA 1962).
[4] Don Mott v. Pullum, 352 So.2d 107 (Fla. 2d DCA 1977).