PER CURIAM.
American Funding, Limited, seeks review by certiorari of an order of the trial court granting Respondent Hutto’s motion to compel production of certain documents.
On June 15, 1981, Hutto requested that certain documents be produced for inspection and copying on July 20. On July 30, Hutto moved to compel production of the documents stating that American Funding had not responded to the request for production. On August 4, American Funding served its response to the request, agreeing to provide certain material, objecting to some material on the grounds of relevance, and objecting to other materials on the grounds of work product and the attorney-client privilege. On August 6, the trial court granted the motion to compel, noting that the response was not timely, and on August 20, denied petitioner’s motions for reconsideration and for protective orders.
The issue raised by this petition is whether the trial court violated the essential requirements of law by ordering production of the documents without considering the untimely objections raised by American Funding.
Florida Rule of Civil Procedure 1.350(b) provides that a response to a request to production must be served within thirty days after service of the request. For each item requested, the response shall state that the materials will be produced as requested unless there is an objection, in which event, the reasons for the objection shall be stated.
Objections to a request for production can be made either because the items requested are not within the permissible scope of discovery or on any ground that would support an application for protective order under Rule 1.280(c). 8 Wright and Miller, Federal Practice and Procedure: Civil, § 2213. Rule 1.350 does not distinguish between the two types of objections and there is nothing in the rule indicating that a party can fail to respond to a request to produce if the materials sought are outside the scope of discovery. Instead, the rule requires that a party respond to a request and that any objections be specifically stated. If a party does not respond, Rule 1.380 provides a remedy.
Florida Rule of Civil Procedure 1.380(a)(2) provides that “... if a party in response to a request for inspection submitted under Rule 1.350 fails to respond that inspection will be permitted as request *1371 ed or fails to permit inspection as requested, the discovering party may move for ... an order compelling inspection in accordance with the request.” Florida Rule of Civil Procedure 1.380(d) states:
If a party or an officer, director, or managing agent of a party ... fails ... (3) to serve a written response to a request for inspection submitted under Rule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule%Y((4)27 The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 1.280(c).
In the case before us, American Funding did not respond to the request for production and Hutto moved to compel production. The trial court chose not to impose the sanctions authorized by Rule 1.380(d) but granted Hutto’s motion to compel since no timely objections to the request for production had been made.
The trial court is given wide discretion in dealing with discovery matters, and unless there has been a clear abuse of discretion, the trial court’s order will not be disturbed by the appellate court. See Burroughs Corporation v. White Lumber Sales, Inc., 372 So.2d 122 (Fla. 4 DC A 1979). In the instant case, we cannot hold that the trial court abused its discretion by granting Hutto’s motion to compel after American Funding failed to respond to Hutto’s request for production within the time limits imposed by Rule 1.350(b).
We have considered the opinion of the Fifth District Court of Appeal in Insurance Co. of N. America v. Noya, 398 So.2d 836 (Fla. 5 DCA 1981). The court held that the failure to timely object to a subpoena duces tecum, move for a protective order, or move to quash would waive any objections to the discovery of materials otherwise within the scope of discovery but would not “... bar a party from asserting a privilege or exemption for matters outside the scope of permissible discovery.” The Noya opinion is distinguishable from the instant case. In Noya, the court was not addressing a party’s failure to respond to a request for production and did not have to consider Rule 1.380(d) which states that the failure to respond “... may not be excused on the ground that the discovery sought is objectionable .... ”
The petition for writ of certiorari is denied.
MILLS, LARRY G. SMITH and WENT-WORTH, JJ., concur.