462 So.2d 580 (1985)
Madeline K. GROSS and Charles H. Monast, Co-Personal Representatives of the Estate of Raymond E. Gross, Deceased, and Madeline K. Gross, Individually, Petitioners,
v.
SECURITY TRUST COMPANY, a Florida Corporation, N/K/a Northern Trust Bank of Florida, N.A.,; Archbishop Carroll Catholic Life Center Trust; Holy Cross Hospital, a Florida Nonprofit Organization; Wilson Petroleum Corporation; Energy Development Corporation and Faith M. Williamson, Respondents.
No. 84-1727.
District Court of Appeal of Florida, Fourth District.
January 23, 1985.
Rohan Kelley of Kelley & Herb, P.A., Fort Lauderdale, for petitioners.
Daniel T. Carpenter of Bird, Carpenter & Brown, P.A., Fort Lauderdale, Administrator Ad Litem for the Estate of Raymond E. Gross, deceased.
Gerald L. Knight of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for respondent-Security Trust Co.
Margaret Lynch Hopkins and J. Michael Fitzgerald of Wood, Lucksinger & Epstein, Miami, for respondent-Archbishop Carroll Catholic Life Center Trust.
Gerald M. Morris of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for respondent-Holy Cross Hosp.
Joseph G. Young of Smathers & Thompson, Miami, for respondent-Faith M. Williamson.
GLICKSTEIN, Judge.
This petition for certiorari is another round in the fight for the money left behind by Raymond E. Gross upon departing this world. The form of this round is in the production of tapes ordered by the trial court. Apparently, no one had reviewed the tapes prior to the entry of the trial court's order; as petitioner's counsel thereafter reviewed them and reacted to his discoveries by an unsuccessful motion for rehearing.[1] When that failed he sought relief in the form of the present petition.
There are two separate, unrelated areas of discussion. The first, that of attorney-client privilege, has merit, and requires that we grant relief, in part because violation of the privilege is outside the scope of *581 discovery, which is expressly limited to matters not privileged. See Fla.R.Civ.P. 1.280(b). Accordingly, while petitioner's counsel obviously should have asserted privilege at the earliest time, his failure to do so will not prevent the trial court's in camera examination of the tape to determine if privilege exists. We are not the first to hold as we now do upon the question of timeliness vis-a-vis privilege. See Insurance Company of North America v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981). The judiciary of this state should protect communications which Floridians recognize as privileged, without being hobbled by less important considerations. Here, this privilege is belatedly said to exist on a tape of a meeting at which the attorneys, the decedent and his personal representative were present. The trial court can see if the privilege applies, and if so, protect the tape's confidentiality from this war over the decedent's purse.
We view the other contention raised by petitioner as a specter, a shadow on the wall that does not warrant amplification. Accordingly, we deny the balance of the petition.
LETTS and HERSEY, JJ., concur.
NOTES
[1] The only objection petitioner made to production prior to the trial court's order was on the basis of work product.