472 So.2d 830 (1985)
Sybil AUSTIN, Petitioner,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Respondent.
No. 85-269.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
Rhea Grossman of Grossman & Eichenbaum, P.A., Miami, for petitioner.
Jeffrey Allan Hirsch and Marilyn Holifield of Holland & Knight, Fort Lauderdale, for respondent.
HERSEY, Chief Judge.
Petitioner seeks certiorari review of an order compelling the production of documents claimed to be privileged. The trial court's order was based, at least in part, on the fact that petitioner's assertion of the Fifth Amendment privilege against self-incrimination was untimely. We grant the petition for writ of certiorari.
As we interpret rule 1.380(d), Florida Rules of Civil Procedure, its proscription that "[t]he failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 1.280(c)" does not apply where the matters sought to be discovered are claimed to be privileged. This follows from the fact that rule 1.280(c) refers to issuance of a protective order only "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... ." and does not refer to privilege. We think the omission was intentional and that the word "objectionable" in rule 1.380(d) therefore should be construed as referring only to items which are within the scope of discovery; that is, not privileged (see Insurance Co. of North America v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981)), but to which objection is made for one of the reasons set forth in rule 1.280(c). Thus rule 1.380(d) does not require timely objection to privileged matters. See Gross v. Security Trust Co., 462 So.2d 580 (Fla. 4th DCA 1985). We certify direct conflict with American Funding, Limited v. Hill, 402 So.2d 1369 (Fla. 1st DCA 1981), on this issue.
Where a claim of privilege is asserted, the trial court should hold an in camera inspection to review the discovery requested and determine whether assertion of the privilege is valid. Gross, 462 So.2d at 581; see also Meek v. Dean Witter Reynolds, Inc., 458 So.2d 412 (Fla. 4th DCA 1984); DeLisi v. Bankers Insurance Co., 436 So.2d 1099 (Fla. 4th DCA 1983).
*831 We therefore grant the petition and quash the order under review.
CERTIORARI GRANTED.
DOWNEY and WALDEN, JJ., concur.