679 So.2d 73 (1996)
David LEONHARDT, Petitioner,
v.
Zulfikar MASTERS, Masters International Trading Corporation, Inc., Masters Marketing Co. Ltd., and Masters Int'l Ltd., Respondents.
No. 95-4261.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
*74 Maurice Graham of Maurice Graham, P.A, Oakland Park, for petitioner.
Jon K. Stage and Brian K. Hole of Holland & Knight, Fort Lauderdale, for Respondent-Masters International Trading Corporation.
KLEIN, Judge.
Petitioner seeks a writ of certiorari from an order compelling production of documents, arguing that they are privileged as trade secrets. Respondent argues that there were several orders requiring production, and petitioner was given an opportunity for the court to inspect documents in camera to determine whether they were privileged, but did not avail himself of it. Petitioner responds that we can consider the issue for the first time on appeal, citing our opinion in Allstate Insurance Co. v. Langston, 627 So.2d 1178 (Fla. 4th DCA 1993), quashed in part, 655 So.2d 91 (Fla.1995).
In Langston the trial court ordered production of documents over a work product objection. We granted certiorari, quashed the order of production, and directed the trial court to conduct an in-camera examination to determine if the work product privilege applied. In addition, we noted that the petitioner was also raising the attorney-client privilege, which had not been raised in the trial court, in regard to the same documents. We concluded that, while failure to object on that ground would ordinarily constitute a waiver, the trial court would not be prohibited from considering that objection along with the work product objection on remand. As authority we cited Gross v. Security Trust Co., 462 So.2d 580 (Fla. 4th DCA 1985), in which we stated that a failure to object to discovery at the earliest possible time does not prevent the trial court from subsequently considering whether an attorney-client communication is privileged. In Gross the objection to production had initially been work product, and the attorney-client privilege had not been raised until a motion for rehearing directed to the trial court's order of production.
Raising the privilege for the first time on appeal, as petitioner is doing here, is different from raising it belatedly in the trial court, as was done in Gross. Nor does Langston support petitioner, because we granted certiorari in that case on the basis of the work product privilege, which had been properly raised in the trial court.
We therefore deny the petition for certiorari in regard to the order requiring production. We dismiss the petition as it pertains to the sanction of attorney's fees and costs for discovery violations. Adequate review of that portion of the order can be obtained when it is reduced to a judgment.
GUNTHER, C.J., and SHAHOOD, J., concur.