814 So.2d 1240 (2002)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Petitioner,
v.
Susan HESS, Respondent.
No. 5D01-3015.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
Charles Tyler Cone of Fowler White Boggs, Banker, P.A., Tampa, for Petitioner.
Jerry H. Jeffrey of Jerry H. Jeffrey, P.A., Winter Park, for Respondent.
*1241 PALMER, J.
In this bad faith action arising out of a Personal Injury protection (PIP) claim, Nationwide Mutual Fire Insurance Company (Nationwide) seeks certiorari review of an order entered by the trial court compelling discovery of documents and information which Nationwide claims are protected by the attorney-client and work product privileges.[1] Nationwide also claims that the order improperly requires disclosure of materials which could be used by respondent Susan Hess against it outside the context of the current litigation. As to Hess's requests for documents where the existence of a privilege is apparent on the face of the document, we grant the petition and remand for further proceedings. In addition we grant the petition as to the portion of the trial court's order requiring Nationwide to provide the names and addresses of other PIP claimants who received letters from Nationwide referencing arbitration. We deny the petition in all other respects.
After Hess was involved in an automobile accident she sued Nationwide, her PIP carrier, on several theories including a bad faith/breach of fiduciary duty theory. The bad faith claim was based, in part, on the allegation that Nationwide sent a letter to Hess's medical providers representing that it had the statutory right to arbitrate regarding their bills, and that the letter was sent after this court had declared such mandatory arbitration to be unconstitutional.[2]
When Hess sought discovery pertaining to her bad faith claim, Nationwide objected to the production of certain documents and to certain interrogatories. In a memorandum of law submitted by Hess in opposition to Nationwide's objections, Hess asked Nationwide to provide the trial court with a privilege log identifying each and every document or communication upon which a privilege was claimed, the date of such documents or communication, and the nature or substance of the document or communication. No privilege log was ever filed by Nationwide. After conducting a hearing, the trial court issued an order requiring Nationwide to produce the following documents:
1. Internal claim log notes for Hess's PIP file;
2. Nationwide's claims handling manuals for Florida PIP claims;
3. Any and all letters, memoranda, or other written or recorded communication to or from attorneys for Nationwide concerning the decision in Delta Casualty Company v. Pinnacle Medical, Inc., 721 So.2d 321 (Fla. 5th DCA 1998) from October 2, 1999, to date concerning compliance with that decision; and
4. Any and all internal correspondence, memoranda, facsimile transmissions or other recorded communication pertaining to or relating to the decision of the Fifth District Court of Appeal in Delta Casualty from October 2, 1999, to the present.
*1242 With regard to Hess's interrogatories, the trial court's order required Nationwide to:
5. Identify the claim representatives and supervisors who handled the claim which was the basis for Delta Casualty;

6. Identify the individuals responsible for disseminating changes in the law or Appellate Court rulings applicable to claims handling for Nationwide in Orange County, Florida;
7. State the number of claims reviewed by Dr. Lascelle for Nationwide, the number of medical examinations performed by Dr. Lascelle for Nationwide, the total compensation paid to Dr. Lascelle by Nationwide, and the number of occasions upon which Nationwide has declined to make payment for any health care service based upon a records review such as that conducted by Dr. Lascelle;
8. State the number of form letters or substantially similar letters containing references to adjustments for accuracy and reasonableness or arbitrations with the health care provider sent to other Nationwide PIP claimants; and
9. Provide the name and address of each Nationwide PIP claimant who was mailed correspondence that advised the claimant of a requirement that the healthcare provider must arbitrate directly with Nationwide.
The trial court compelled such discovery based on its conclusion that Nationwide's claims of privilege lacked specificity and on the fact that Nationwide had failed to file a privilege log. See Fla.R.Civ.P. 1.280(b)(5)(stating that a party withholding discovery on the basis that it is privileged must make an express claim and must describe the nature of the documents, so that the other parties can assess the applicability of the privilege).
After the trial court entered its order compelling discovery, Nationwide filed an unauthorized motion for rehearing of the interlocutory discovery order, stating that it would produce a privilege log should the court so order. Nationwide also filed the instant certiorari petition. In seeking certiorari relief, Nationwide contends that it properly raised its privilege claim, in spite of not filing a privilege log. We disagree.
In an earlier discovery case involving Nationwide, Nationwide Mutual Fire Ins. Co. v. Harmon, 580 So.2d 192 (Fla. 4th DCA 1991), the Fourth District held that Nationwide failed to meet its burden of establishing that any particular document was protected by the work product or attorney-client privilege, explaining that if Nationwide felt that some of its documents were prepared in anticipation of litigation or protected by the attorney-client privilege, it should have listed the specific documents to which it claimed the privilege would attach. See also TIG Ins. Corp. of America v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001)(holding that insurer's failure to prepare privilege log identifying correspondence with attorney resulted in waiver of attorney-client and work product privileges).
Although Nationwide states that it submitted a privilege log in another case filed by Hess against Nationwide in Orange County, it is uncontroverted that no log was ever submitted to the trial court in the instant case, even as an attachment to Nationwide's unauthorized motion for rehearing. Also, although Nationwide points out that Hess filed a motion requesting the circuit court in Seminole County to take judicial notice of the action in Orange County, the court never heard or acted on the motion.
The only part of the trial court's order compelling the production of documents *1243 for which certiorari is granted is paragraph 3. That request to produce asked for
any and all letters, memoranda, or other written or recorded communication to or from attorneys for Nationwide concerning the decision of the [Fifth] District Court of Appeal in Delta Casualty Co., etc. v. Pinnacle Medical, Inc., etc., from October 2, 1999 to date concerning compliance with that decision.
On its face, that request required disclosure of attorney-client communications. Therefore, the trial court should not have ordered production of these communications without first conducting an in-camera inspection thereof. See Shell Oil Co. v. Par Four Partnership, 638 So.2d 1050 (Fla. 5th DCA 1994)(holding that, when communications appear on their face to be privileged, the party seeking disclosure bears the burden of proving that they are not).
Furthermore, one of the interrogatories merits the granting of Nationwide's petition. The interrogatory referred to in paragraph 9 above requires Nationwide to provide the names and addresses of other PIP claimants who were advised that a healthcare provider must arbitrate directly with Nationwide. These other PIP claimants are not parties to the instant action, and Nationwide's handling of their claims is not relevant to the limited question in this lawsuit as to whether Nationwide acted in bad faith in handling Hess's claim. As this interrogatory appears to be overbroad and a fishing expedition, it should not be allowed. See Delta Health Group, Inc. v. Williams, 780 So.2d 337 (Fla. 5th DCA 2001)(holding that interrogatory in nursing home litigation which requested names and addresses of residents and former residents of nursing home who were not parties to action was overbroad, and order compelling such discovery was quashed); State Farm v. Parrish, 800 So.2d 706 (Fla. 5th DCA 2001)(holding that certiorari was available to quash order permitting discovery which was a fishing expedition to discover any other facts which may give rise to a potential cause of action).
In closing, we reject Nationwide's claim that allowing Hess to pursue discovery on the issue of its bad faith without a determination of liability is a departure from the essential requirements of law. In moving to dismiss Hess's bad faith claim, Nationwide argued that the claim was premature. However, by the time the complaint was served, Nationwide had paid the disputed medical bills. The trial court ruled that such payment was the functional equivalent of a determination of the Hess's damages, thereby concluding the underlying claim for benefits. The court further held that Hess's cause of action for bad faith accrued once payment was made. In essence, by requesting certiorari review, Nationwide is simply seeking review of the order denying its motion to dismiss. Certiorari is generally not available to review an interlocutory order of this nature. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987)(explaining that ordinarily orders on motions to dismiss claims do not qualify for review by certiorari); Avis Rent-A-Car Systems, Inc. v. Blythe, 578 So.2d 489 (Fla. 5th DCA 1991)(ruling that the denial of a motion to dismiss is not reviewable by certiorari). Whether the trial court erred in denying the motion to dismiss can be reviewed on plenary appeal, if necessary.
Petition for certiorari is GRANTED in part and DENIED in part.
PLEUS and ORFINGER, R.B., JJ., concur.
NOTES
[1] An order compelling discovery of privileged material is subject to certiorari review, as such disclosure can cause irreparable harm. See Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987).
[2] Nationwide was one of the defendant PIP insurers in Delta Casualty Co. v. Pinnacle Medical, Inc., 721 So.2d 321 (Fla. 5th DCA 1998), wherein this court declared unconstitutional the statute obligating a medical provider who takes assignment of a patient's claim of benefits to arbitrate disputes with the PIP insurer. The Supreme Court later affirmed the Fifth District's decision. See Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla.2000).