SAWAYA, J.
In this first-party bad faith case, .Allstate Insurance Company (Allstate) seeks certiorari review of the trial court’s order granting Barkley J. McClusky’s renewed motion to compel production of Allstate’s “entire claim file,” with the exception of any materials pertaining to underwriting. We grant the petition in part and deny it in part.
McClusky was injured in an automobile accident caused by an underinsured motorist. Allstate, which had issued McClusky a policy that provided underinsured motorist (UIM) coverage in the amount of $50,000, offered to settle the UIM claim for substantially less than the full coverage amount. After the jury in the negligence action awarded McClusky $128,298 in damages, Allstate tendered its policy limits, plus costs. McClusky then filed a bad faith action against Allstate pursuant to section 624.155(l)(b)l., Florida Statutes.
When he noticed the deposition of Allstate’s claims adjuster, McClusky subpoenaed all of the files maintained by Allstate concerning his UIM claim. Allstate filed a motion for a protective order, asserting that the entire file is privileged. Although Allstate did not prepare a privilege log as required by our decision in Nationwide, Mutual Fire Insurance Co. v. Hess, 814 So.2d 1240 (Fla. 5th DCA 2002), the trial court granted Allstate’s motion. McClusky’s subsequent attempt to take the adjuster’s deposition revealed no practical information about how the claim was handled primarily because, according to McClusky, Allstate had instructed the adjuster not to review the file and the adjuster had no independent recollection of the claim. Therefore, McClusky filed a motion to compel production of the claims file, which motion included a request for a privilege log from Allstate or an in camera inspection of the file by the trial court. The trial court denied the motion.
McClusky, undaunted, then attempted to depose other witnesses, including three of Allstate’s executives, but obtained no useful information because none of them could provide any information without reviewing the claims file. McClusky renewed his motion to compel production of the file. This time, the motion was heard by a successor judge, who granted the motion and ordered production of the file. The trial court found that Allstate failed to comply with the dictates of Hess and that McClusky made a sufficient showing that he was unable to obtain the necessary discovery by other means. It is this order that we review in the instant proceeding.
McClusky asserts that Allstate’s failure to provide a privilege log in accordance with Hess constitutes a waiver of Allstate’s right to assert the attorney-client and work-product privileges. Allstate argues that the trial court erred in granting the motion without first holding an in camera inspection. We agree with McClusky’s assertion that failure to provide a privilege log as required by Hess *1070 generally waives the insurance carrier’s right to assert the attorney-client and work-product privileges. Hess, 814 So.2d at 1242 (citing Fla. R. Civ. P. 1.280(b)(5); TIG Ins. Corp. of Am. v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001), review denied, 821 So.2d 304 (Fla.2002); Nationwide Mut. Fire Ins. Co. v. Harmon, 580 So.2d 192 (Fla. 4th DCA 1991)). However, under the particular facts and circumstances of the instant case, we find that Allstate did not waive its right to assert the privileges because it was entitled to rely on the two prior orders, albeit erroneously entered, that granted Allstate’s motion for protective order.
As to the trial court’s additional finding that, waiver aside, McClusky made a sufficient showing that he was unable to obtain the necessary information relating to his claim by other means, that determination alone does not warrant production of the entire file because that showing only relates to the work-product privilege, not the attorney-client privilege, and Allstate has asserted both. Hess.
Accordingly, we deny Allstate’s petition to the extent that it requests this court to quash the trial court’s order in its entirety. We grant Allstate’s petition in part and remand this case to the trial court to either permit Allstate to provide a privilege log or conduct an in camera inspection of the file by the trial court. We note parenthetically that this is the relief sought by McClusky in his first motion to compel.
PETITION GRANTED IN PART; DENIED IN PART; REMANDED.
PETERSON, J., and HARRIS, C.M., Senior Judge, concur.