876 So.2d 1281 (2004)
MAGICAL CRUISE COMPANY, etc., Petitioner,
v.
Jennifer DRAGOVICH, etc., et al., Respondent.
No. 5D04-159.
District Court of Appeal of Florida, Fifth District.
July 16, 2004.
Ted L. Shinkle of Gray Robinson, P.A., Melbourne, for Petitioner.
Daniel S. Rosenbaum and Laurie Stilwell Cohen of Becker & Poliakoff, P.A., West Palm Beach, for Respondent.
PER CURIAM.
DENIED.
THOMPSON and PLEUS, JJ., concur.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
I concur in the decision to deny the petition for writ of certiorari because of the overall pattern of evasion of discovery manifest from the filings and from the transcript of the hearing before the trial court. I sympathize somewhat with Disney's plaint that the other side's discovery requests were out of control but, as the trial judge pointed out, the remedy for excessive or duplicative requests is to ask the court for relief.
I write in this case only because I have recently noticed the sudden emergence of "late filed" and "inadequate" privilege logs as the basis for (involuntary) "waiver" of *1282 attorney/client privilege or work product immunity. That was the principal basis for the trial court's ruling in this case. I find this trend disturbingly reminiscent of the sort of "remedial" rabbit trails that Florida's courts seem to so happily wander down. This one reminds me most of what has happened in "dismissal for want of prosecution" cases, where reading the applicable rule gives barely a clue of the mutations that have emerged from case law.
Has the professionalism in litigation deteriorated to the point that every rule violation needs a death penalty? I hope not, but if it does, then rather than have us judges squinting at Florida Rule of Civil Procedure 1.280(b)(5), trying to divine exactly when a privilege log has to be served, exactly what it must consist of, and what penalties are available if the rule is not complied with, the rule should be revised to make this clear. Somehow, based on precious little case law, there seems to be an emerging theory that if the privilege log is not served within the thirty days for production under rule 1.350, or if a log entry is deemed "inadequate," the offending party loses the power to protect the item from discovery. The rule has no such deadline, however. It is not specific about what needs to be contained in the log,[1] and no remedy or range of penalties is specified. In fact, by its terms, rule 1.280(b)(5) doesn't even require a written objection, only an "express" objection, and it applies to "information," not documents. It seems to apply to refusal to answer questions in a deposition or interrogatories in addition to the refusal to produce documents.
It would doubtless be good to have the log of what is not being produced at the time the response to a request for production is served. But that is not always practical, and it usually is not necessary. Certainly, the log must be provided within enough time to permit the requesting party to do whatever is needed to prepare a motion to compel. The amount of time available for production of a privilege log ought to vary depending on the number and type of documents being requested and the number and type of documents withheld. Location of the documents also figures into this. This has usually been handled successfully by agreement between counsel and, failing that, through court supervision. A requirement that the producing party not only identify the privileged documents but "adequately" catalog them within thirty days can lead to errors, including inadvertent production. A requirement that a party who requires more than thirty days must make application to the court and secure a hearing is a waste of the clients' money and the court's time.
It is noteworthy that this court's leading case on this issue, Nationwide Mutual Fire Insurance Co. v. Hess, 814 So.2d 1240 (Fla. 5th DCA 2002), was a case where no log was filed at all as of the date of the hearing and counsel's request for a log had been ignored. Id. at 1241. How we got so quickly from there to automatic mandatory involuntary waiver is a marvel.
NOTES
[1] It does seem to be a matter of common sense that each withheld document should be identified by date, author, recipients and subject matter in order for the privilege or immunity to be evaluated. This process requires objecting counsel to consider carefully whether the document is privileged or immune and discourages unnecessary assertions of privilege or immunity.