889 So.2d 93 (2004)
BANKERS SECURITY INSURANCE CO., Petitioner,
v.
Helene SYMONS and Chris Symons, Respondents.
No. 5D04-1.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
Celene Humphries, of Casagrande and Associates, P.A., St. Petersburg, for Petitioner.
James Pacitti, of Morgan, Colling & Gilbert, P.A., Orlando, for Respondents.
GRIFFIN, J.
Petitioner, Bankers Security Insurance Co. ["Bankers"], seeks certiorari review of an order compelling discovery. The underlying case involves a dispute over the homeowners' insurance policy of respondents, Helene and Chris Symons ["Symons"]. Bankers tendered $104,000 in insurance benefits under the policy to cover the cost of repairing Symons' home. Symons later filed suit against Bankers for breach of the policy, alleging that the home repair reimbursement was inadequate.
On November 13, 2002, along with the summons and complaint, Symons served a request to produce on Bankers. The request sought disclosure of several items:
2. The entire file maintained by Defendant or anyone on Defendant's behalf with regard to Plaintiffs, cover to cover, including original jackets and everything contained within the file, including but not limited to:
(a) all notations regarding notice of the loss prior to the filing of the suit;

*94 (b) all telephone messages to or from Defendant regarding Plaintiffs, or any of Defendant's agents on Defendant's behalf regarding Plaintiffs;
(c) all reports prepared by Defendant, or any entities or persons regarding Plaintiffs water damage and/or mold contamination and the subsequent remediation;
(d) all interoffice memoranda regarding Plaintiffs;
(e) all correspondence to or from anyone, including any insurance agencies, any contractors, any employers, any agencies hired to select contractors or companies to remediate the mold contamination and/or water damage in Plaintiffs' home;
The request specifically asked for a log of any document claimed to be privileged and cited TIG Insurance Corp. v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001). On December 24, 2002, Bankers asserted that the request sought materials that were work product. As to subparagraph b, Bankers also objected that the request was overbroad and burdensome.
Immediately thereafter, on January 9, 2003, Symons filed a motion to compel. This motion, in reliance in TIG Insurance, was based solely on the contention that Bankers had failed to comply with Florida Rule of Civil Procedure 1.280(b)(5) by failing to serve a privilege log and, therefore, had waived all work product or attorney/client privilege claims. Oddly, the record fails to reflect that Bankers reacted to this motion for a period of several months. The record also fails to show what steps, if any, Symons took either to obtain a log or a ruling on their motion. Finally, on July 15, 2003, Bankers, through new counsel, filed a privilege log. On July 23, 2003, Symons filed an amended motion to compel, citing the several month delay in supplying the log and adding the claim that the log was deficient. The trial court heard argument on the motion to compel and ruled that pursuant to TIG Insurance, Bankers' untimely submission of the privilege log waived its right to assert work product immunity.
Florida Rule of Civil Procedure 1.280(b)(5) states the following with regard to a claim of privilege or work product immunity during discovery:
When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
The committee notes say that subdivision (b)(5) was derived from Federal Rule of Civil Procedure 26(b)(5).
The "leading" Florida case on this issue does appear to be TIG Insurance. In TIG Insurance, an insured who had been sued for slander brought a third party action against his own liability insurer, alleging that the insurer had breached its duty to defend. The trial court compelled the insurer to produce documents which were claimed to be privileged, and the insurer petitioned for a writ of certiorari. The Fourth District Court of Appeal, relying on several cited federal decisions, held that the insurer's failure to prepare a privilege log resulted in a waiver of the attorney-client privilege and work-product immunity. 799 So.2d at 341-42.
This court also has said that the failure to provide a privilege log waives the protection afforded by the attorney-client privilege or work-product doctrine, citing *95 TIG Insurance. See, e.g., Allstate Ins. Co. v. McClusky, 836 So.2d 1068 (Fla. 5th DCA 2002); Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240 (Fla. 5th DCA 2002). However, in Hess and McClusky (as in TIG Insurance), no log was ever served. Moreover, in Hess discovery was not allowed without in camera inspection of documents covered by requests that on their face called for attorney-client communications.
Bankers argues that although it did not submit a privilege log at the time it objected to the discovery requests, it did submit a privilege log well before the hearing on the motion to compel production of the documents. Bankers urges that failure to submit a privilege log by the due date for the response to the request to produce does not automatically constitute a waiver of its right not to disclose their work-product. We agree.
Attorney-client privilege and work-product immunity are important protections in the adversarial legal system, and any breach of these privileges can give one party an undue advantage over the other party. Florida's courts generally recognize that an implicit waiver of an important privilege as a sanction for a discovery violation should not be favored, but resorted to only when the violation is serious. Cf. Liberty Mutual Insurance Co. v. Lease America, Inc., 735 So.2d 560 (Fla. 4th DCA 1999) (the judiciary of this state should protect communications which Floridians recognize as privileged, without being hobbled by less important considerations); Insurance Co. v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981) (failure to file timely motion for protective order or written objections does not bar party from asserting privilege for matters outside scope of discovery).
Florida Rule of Civil Procedure 1.280(b)(5) does not detail the procedure to follow for service of privilege logs and does not specifically address the appropriate sanction to be imposed if a party is tardy in filing a privilege log. Although there was a delay of several months beyond the service of the response in serving the privilege log in this case, the privilege log was provided well before the hearing at which the judge found a waiver of the work-product immunity. See Magical Cruise Co. v. Dragovich, 876 So.2d 1281 (Fla. 5th DCA 2004), (Griffin, J., concurring). Finding an implied waiver of work product was an unduly harsh sanction given the facts of this case and not well supported by federal decisions applying the federal rule counterpart.
In contrast to the federal cases relied on by TIG Insurance, there are many federal decisions that recognize the narrow reach of "implied waiver." For example, in Boca Investerings Partnership v. United States, 1998 WL 526567, *2 (D.D.C. Jan. 20, 1998), the defendant put forth the same argument made here: that a party responding to a request to produce waives any privilege or immunity if the privilege log is not supplied when the response is served. The judge rejected that argument, pointing out that no federal rule requires production of the log along with the response or dictates waiver as a sanction. The judge further observed cogently that the privilege log is a "means to an end and not an end in itself; the ultimate question is whether the documents are protected by the privilege." Id. at 3.[1]See Tyne v. Time *96 Warner Entertainment Co., L.P., 212 F.R.D. 596 (M.D.Fla.2002) (where privilege log was not filed until almost one year after discovery request, and did not sufficiently describe documents, federal court in interpreting federal discovery rule found that privilege log was untimely, but nevertheless declined to compel production, finding that sanction would be too harsh); EEOC v. Safeway Store, Inc., 2002 WL 31947153 (N.D.Cal. Sept.16, 2002) (the filing of a privilege log six months late would not constitute a waiver of the work-product claim, where defendant had already given plaintiff notice of the privilege claim, defendant produced a privilege log before the hearing on plaintiff's motion to compel, and there was no evidence that the delay prejudiced the plaintiff); Anderson v. Hale, 202 F.R.D. 548 (N.D.Ill.2001) (previous notice of the work-product doctrine claim precluded the imposition of the waiver sanction). See also United States v. Philip Morris, Inc., 347 F.3d 951, 954 (D.C.Cir.2003); In the matter of the Complaint of Yugo Marine, Inc., 1997 WL 610878 (E.D.La. Oct.1, 1997).
Here, Bankers did provide notice of its work-product claim when it objected to the discovery requests. If a party does not thereafter submit a privilege log within a reasonable time before a hearing on the motion to compel, then the trial court can be justified in finding a waiver of the claim of immunity from discovery because there is no basis on which to assess the claim. See Hess. Under the circumstances of this case, however, the trial court departed from the essential requirements of law in compelling discovery of the alleged privileged documents as a sanction for the delay in submitting a privilege log.
Symons alternatively urges that the privilege log submitted by Bankers was too general and therefore insufficient to show that the documents were privileged. However, from reading the transcript of the hearing on the motion to compel, it does not appear that the trial court considered the sufficiency of the privilege log. We decline to review the privilege log for its sufficiency until the trial court has done so. To aid in this process, we observe that the rule requires adequate identification of each document. This usually includes, at a minimum, sender, recipients, title or type, date and subject matter. See also EEOC v. Safeway Store, Inc., 2002 WL 31947153. In many instances, this level of identification will make the applicability of the immunity from discovery clear. Any doubt after this level of disclosure would give rise to an in camera inspection. Identification of documents in bulk or as a class such as "claims file" should be the exception. Even if the court agrees that a "claims file" is work product, it is not necessarily true that every document in a claim file is work product. Putting a document in a claim file doesn't make it immune; it is only immune if it is work product. Bankers may file an amended log prior to the next hearing, if it wishes, in light of this opinion.
PETITION GRANTED; ORDER QUASHED.
SAWAYA, C.J., and THOMPSON, J., concur.
NOTES
[1] In Jackson v. County of Sacramento, 175 F.R.D. 653, 655 (E.D.Cal.1997), the court observed:

Rule 26(b)(5) also requires the party asserting the privilege to describe the nature of the documents withheld in a manner that enables the requesting party to assess the claim but the rule does not specify when the required description must be provided.