KLEIN, J.
We deny a petition for certiorari directed to an order finding a waiver of privilege in regard to the production of documents because of the failure of the petitioner to file a privilege log. TIG Ins. Corp. of Am. v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001). Petitioner contends that our decision in TIG is incorrect and should be reconsidered. Petitioner interprets TIG to mean that any failure to file a privilege log constitutes a waiver as a matter of law, an interpretation we did not intend. On the contrary, trial courts have discretion in discovery matters. Nat’l Convenience Stores, Inc. v. Embrey, 375 So.2d 358 (Fla. 4th DCA 1979) and cases cited. It follows that a finding of waiver for failure to file a proper privilege log, which is a violation of rule 1.280(b)(5), involves the exercise of discretion.[1]
Petitioner relies heavily on Bankers Security Ins. Co. v. Symons, 889 So.2d 93 (Fla. 5th DCA 2004), in which the court held that failing to submit a privilege log by the due date for production does not automatically result in a waiver. That holding, with which we do not disagree, is not inconsistent with TIG. In Symons the court quashed an order finding a waiver based solely on the late filing of the log, with no examination of the adequacy of the log which was ultimately filed. In the present case, however, the log was not only months late, but found by the court to *1157 be “completely inadequate.” Petition denied.
SHAHOOD and GROSS, JJ., concur.

. Certiorari will, however, lie to review an abuse of discretion in a discovery matter where there would otherwise be irreparable injury. Am. Health Plan, Inc. v. Kostner, 367 So.2d 276 (Fla. 3d DCA 1979).