PER CURIAM.
Palm Beach Primary Care Associates, Inc. (the former employer) seeks certiorari review of a non-final order which granted the respondent’s motion to compel and required the former employer to disclose allegedly confidential financial and patient data, treating its objections to production as “waived.” We grant the petition.
We agree that the former employer’s response to request for production, like its response to the interrogatories, was untimely. The response was ordered to be provided within ten days of the date of the order compelling it, not within ten days of the date of service of that order. Accordingly, Florida Rule of Civil Procedure 1.090(e), which applies when an act is to be done a certain amount of time “after the service of a notice or other paper upon that party” and the service is made by mail, did not apply. See Horvath v. Horvath, 893 So.2d 649, 651 (Fla. 4th DCA 2005); Jewish Fed’n of Palm Beach Coun *123 ty, Inc. v. Rapaport, 682 So.2d 1149, 1151 (Fla. 4th DCA 1996).
However, we find that the trial court departed from the essential requirements of law in failing to consider the former employer’s objections to discovery which were based on privacy and privilege concerns. Austin v. Barnett Bank of S. Fla., N.A., 472 So.2d 830 (Fla. 4th DCA 1985) (holding that where privilege is asserted, the trial court should inspect the discovery requested in camera even though the petitioner’s assertion of a privilege was untimely).
Accordingly, the petition is granted to the extent discovery was ordered over such objections, and the trial court on remand is directed to consider on the merits the former employer’s privacy and privilege objections.
GUNTHER, STONE and SHAHOOD, JJ., concur.