DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHIPOTLE MEXICAN GRILL, INC.,** a foreign profit corporation,
**CHIPOTLE MEXICAN GRILL OF COLORADO, LLC,** a foreign limited
liability company, and **CHIPOTLE SERVICES, LLC,** a foreign limited
liability company,
Petitioners,

v.

**YUVITKZA QUINONES,**
Respondent.

No. 4D17-2764

[January 31, 2018]

Petition for writ of certiorari to the Circuit Court for the Fifteenth
Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T.
Case No. 2016CA011509XXXXMBA.

Christopher S. Stratton and Lee A. Kantor of Hightower Stratton
Novigrod Kantor, West Palm Beach, for petitioner Chipotle Mexican Grill
of Colorado, LLC.

Lara S. Shiner of Shiner Law Group, P.A., Boca Raton, for respondent.

PER CURIAM.

Chipotle Mexican Grill of Colorado, LLC ("Chipotle"), petitions this court
for certiorari review of the trial court's order overruling its objections to
discovery requests made by the plaintiff, Yuvitkza Quinones ("Quinones"),
in the underlying premises liability action. We grant the petition and
quash the trial court's order because the trial court's ruling was entered
by default, and the trial court failed to conduct an *in camera* inspection of
documents, which Chipotle claimed to be privileged.

Due to a calendaring error, Chipotle's counsel appeared approximately
fifteen minutes late for a special set one-hour hearing, which was set to
address a variety of matters including Chipotle's objections to Quinones's
first request for production and first set of interrogatories. The record

reflects that the trial court entered a default ruling in favor of Quinones due to counsel's failure to timely appear.[1]

In overruling Chipotle's objections, the trial court also failed to conduct an *in camera* inspection of various documents that Chipotle claimed to be privileged. These documents were specifically identified in a privilege log filed by Chipotle. Quinones argues that Chipotle waived its claims of privilege by failing to timely object. However, failure to timely raise objections based on privilege does not automatically result in waiver. *Palm Beach Primary Care Assocs., Inc. v. Mufti*, 935 So. 2d 122, 123 (Fla. 4th DCA 2006); *Austin v. Barnett Bank of S. Fla., N.A.*, 472 So. 2d 830, 830 (Fla. 4th DCA 1985). Even if a claim of privilege is untimely raised, the trial court is required to conduct an *in camera* inspection of the documents claimed to be privileged. *Mufti*, 935 So. 2d at 123. Failure to conduct the requisite *in camera* inspection is a departure from the essential requirements of the law. *Id.*

Quinones also argues that Chipotle failed to timely file its privilege log. However, the obligation to file a privilege log does not arise until after a party's written objections have been ruled upon. *Gosman v. Luzinski*, 937 So. 2d 293, 296 (Fla. 4th DCA 2006).

Accordingly, we grant the petition and quash the trial court's order to the extent that it overruled Chipotle's objections to Quinones's first request for production and first set of interrogatories.

WARNER, TAYLOR and KUNTZ, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Quinones asserts that the trial court afforded Chipotle's counsel an opportunity to argue the objections after counsel appeared. This assertion is refuted by the trial court's order, which states that Chipotle's counsel failed to appear.