# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

AARAYA PUBLIC ADJUSTING, LLC;
SEAN KLING, an individual and
co-owner of CRUCIAL ONSITE, LLC; and
SHEPARD CLAIMS SERVICES, LLC,

Petitioners,

v.

CRUCIAL CLAIMS, INC; and
STEVEN STRYCHALSKI, an individual and
derivatively on behalf of CRUCIAL ONSITE, LLC;
and SHEPARD CLAIMS SERVICES, LLC,

Respondents.

No. 2D2025-2119

_____

March 20, 2026

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Michael S. Williams, Judge.

Adam T. Jameson of Jameson Law Firm, P.A., St. Petersburg, for
Petitioners.

Lydia Sturgis Zbrzeznj of Southern Atlantic Law Group, PLLC, Winter
Haven, for Respondents.

MORRIS, Judge.

Aaraya Public Adjusting, LLC, and Sean Kling[1] petition this court for a writ of certiorari quashing an order of the circuit court compelling them to provide documents requested during discovery in underlying litigation filed against them by Crucial Claims, Inc., and Steven Strychalski.[2] We deny the petition as it relates to financial information but grant the petition as it relates to privileged information.

Aaraya was in the public insurance adjusting business with Crucial. When their relationship deteriorated, Crucial filed a complaint against Aaraya alleging claims of breach of oral contract, unjust enrichment, breach of partnership, and breach of fiduciary duty. Crucial served Aaraya with requests for production on August 12, 2024, and Aaraya responded with objections on September 17, 2024. Aaraya provided partial discovery over the next several months, and Crucial filed a motion to compel production pursuant to Florida Rules of Civil Procedure 1.280 and 1.380 on June 2, 2025. The circuit court held a hearing on July 9, 2025, and granted the motion to compel. The circuit court found that Aaraya's objections were untimely and therefore waived and ordered Aaraya to provide all responsive documents within thirty days. The circuit court also ordered the parties to agree to a confidentiality agreement in advance of the thirty-day deadline.

In its petition in this court, Aaraya argues that the circuit court departed from the essential requirements of the law by requiring it to produce documents that contain private financial information that is not relevant to the litigation as well as documents that are protected by the attorney-client privilege. Aaraya claims that the order on review causes

---

[1] Aaraya and Kling are referred to collectively as Aaraya.

[2] Crucial and Strychalski are referred to collectively as Crucial.

irreparable harm that cannot be remedied on postjudgment appeal. Aaraya also contends that the circuit court should have conducted an in camera review before ordering production of the information.

"[C]ertiorari is the appropriate remedy when a discovery order 'departs from the essential requirements of law[] and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal.' " *Allstate Ins. v. Boecher*, 733 So. 2d 993, 999 (Fla. 1999) (quoting *Allstate Co. v. Langston*, 655 So. 2d 91, 94-95 (Fla. 1995)).

Aaraya first argues that Crucial requested files that were not assigned to or worked on by Crucial and that contain private financial information of Aaraya's clients. But the circuit court ruled Aaraya's objections were untimely. Florida Rule of Civil Procedure 1.350(b)(3) provides in relevant part that the "[t]he party to whom the request is directed must serve a written response within 30 days after service of the request." In *American Funding, Ltd. v. Hill*, 402 So. 2d 1369, 1371 (Fla. 1st DCA 1989), the court held that the trial court did not depart from the essential requirements of law in granting a requesting party's motion to compel when the nonrequesting party filed its response with objections twenty days late. The court reasoned that because the "trial court is given wide discretion in dealing with discovery matters," it could not be said "that the trial court abused its discretion by granting [the] motion to compel after [the nonrequesting party] failed to respond to [the] request for production within the time limits imposed by [r]ule 1.350(b)." 402 So. 2d at 1371.

However, Aaraya correctly contends that an assertion of privilege is not waived by untimely objections. When a party has failed to timely object or seek a protective order under the discovery rules, the party has

not waived its objections to privilege. *See Chipotle Mexican Grill, Inc. v. Quinones*, 240 So. 3d 5, 6 (Fla. 4th DCA 2018) ("[F]ailure to timely raise objections based on privilege does not automatically result in waiver." (first citing *Palm Beach Primary Care Assocs. v. Mufti*, 935 So. 2d 122, 123 (Fla. 4th DCA 2006); and then citing *Austin v. Barnett Bank of S. Fla., N.A.*, 472 So. 2d 830, 830 (Fla. 4th DCA 1985))); *Austin*, 472 So. 2d at 830 ("[R]ule 1.380(d) does not require timely objection to privileged matters."); *see also Allstate Ins. v. Ray*, 347 So. 3d 551, 555 (Fla. 2d DCA 2022) ("[T]he obligation to file a privilege log does not arise until the trial court has determined that the information sought is otherwise discoverable, i.e., *after* the trial court has ruled on any non-privilege objections." (citing *Avatar Prop. & Cas. Ins. v. Jones*, 291 So. 3d 663, 667 (Fla. 2d DCA 2020))); *Gross v. Sec. Tr. Co.*, 462 So. 2d 580, 581 (Fla. 4th DCA 1985) ("[W]hile petitioner's counsel obviously should have asserted privilege at the earliest time, his failure to do so will not prevent the trial court's in camera examination of the tape to determine if privilege exists. We are not the first to hold as we now do upon the question of timeliness vis-a-vis privilege." (citing *Ins. Co. of N. Am. v. Noya*, 398 So. 2d 836 (Fla. 5th DCA 1981))). Aaraya contends that because it did not waive its objections to privilege, the circuit court erred in failing to consider its privilege claims and in failing to make findings. *See Fla. Health Scis. Ctr., Inc. v. Jackman*, 407 So. 3d 553, 555 (Fla. 2d DCA 2025) (granting certiorari because "the circuit court entered the subject orders without conducting an in camera review of documents that may have been privileged" and "did not even hold a hearing, [did not] make any oral or written findings, and . . . did not otherwise demonstrate that it had considered the claims of privilege").

The financial records claimed by Aaraya to be irrelevant do not fall within the category of privileged information.  Rather, private financial records may be discovered if they are relevant.  *Compare Rowe v. Rodriguez-Schmidt*, 89 So. 3d 1101, 1103 (Fla. 2d DCA 2012) (providing that financial records may be discovered if they are "relevant or reasonably calculated to lead to the discovery of admissible evidence" (citing *Spry v. Prof'l Emp'r Plans*, 985 So. 2d 1187, 1188-89 (Fla. 1st DCA 2008)), *with* Fla. R. Civ. P. 1.280(c)(1) ("Parties may obtain discovery regarding any *nonprivileged matter* that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." (emphasis added)).  Based on *American Funding*, we cannot say that the circuit court departed from the essential requirements of law in ruling that Aaraya's objections to the financial information were untimely and therefore waived.

But Crucial sought the production of documents that may be privileged because they relate to the representation of Aaraya by the law firm Kellis Soffer:

> 31.  Any and all documents demonstrating, reflecting, or referring to retaining the services of the law firm of Kellis Soffer between January 1, 2023 and December 31, 2023.
> 32.  Any and all correspondence between you and Kellis and Soffer between January 1, 2023 and December 31, 2023.
> 33.  Any invoices you received from Kellis Soffer between January 1, 2023 and December 31, 2023.
> 34.  Any payments you made to Kellis Soffer between January 1, 2023 and December 31, 2023.

In its late response, Aaraya argued, in relevant part, that the request "calls for disclosure of information protected by the attorney-client, work-product, or other privileges" and "for disclosure of materials prepared in anticipation of litigation and/or calls for the disclosure of trial preparation materials."  Aaraya raised the same objections in two later-

5

filed amended responses. Even if these general objections were insufficient, Aaraya was not required to raise its objections based on privilege until the trial court ruled that the information was otherwise discoverable. *See Ray*, 347 So. 3d at 555; *Hertz Corp. v. Sider*, 311 So. 3d 1004, 1007 (Fla. 2d DCA 2021) ("Once a trial court determines that information is 'otherwise discoverable,' the party objecting to its disclosure based on the attorney-client privilege or the work product doctrine must file a privilege log noting which documents are privileged.").

Aaraya's privilege claims were not waived by its untimely objections to Crucial's request for production, and the trial court departed from the essential requirements of the law in ordering the disclosure of the allegedly privileged information without giving Aaraya an opportunity to file a privilege log to raise its claims of privilege and without conducting an in camera review.[3] *See Sider*, 311 So. 3d at 1007; *Patrowicz v. Wolff*,

---

[3] We express no opinion on whether the information is in fact privileged. But we note that Crucial alleged that the law firm was hired jointly by Crucial and Aaraya for the purpose of expanding their business venture. Crucial asserted that Kling (the principal of Aaraya) and Strychalski (the principle of Crucial) formed Shepard Claims Services, LLC, in November 2022 and that they explored expanding their public adjusting work into other states. The complaint alleged that "[t]oward that end[,] they retained the services of the law firm of Kellis Soffer." Aaraya does not dispute this in its petition or reply filed in this court. Section 90.502(4)(e), Florida Statutes (2022), provides that

> [t]here is no lawyer-client privilege under this section when . . . [a] communication is relevant to a matter of common interest between two or more clients . . . if the communication was made by any of them to a lawyer retained or consulted in common when offered in a civil action between the clients or their successors in interest.

6

110 So. 3d 973, 974 (Fla. 2d DCA 2013) ("A party claiming that documents sought by an opposing party are protected by the attorney-client privilege is entitled to have those documents reviewed *in camera* by the trial court prior to their disclosure." (citing *Bennett v. Berges*, 84 so. 3d 373, 374-75 (Fla. 4th DCA 2012))).

In sum, we deny Aaraya's petition for writ of certiorari as it relates to the financial information sought by Crucial. We grant the petition in part as it relates to Aaraya's claims of privilege and quash the order to the extent it orders the disclosure of information sought by Crucial in requests 31 through 34.

Petition granted in part and denied in part; order quashed in part.

NORTHCUTT and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.