PER CURIAM.
We consolidate the above cases because each pertains to the costs associated with the representation of Joseph R. Spaziano, an indigent defendant, in an ongoing capital case in which this Court has rendered eight published opinions. We have jurisdiction over these consolidated cases on the basis of express and direct conflict with Ferrell v. State, 653 So.2d 367 (Fla.1995). Art. V, § 3(b)(3), Fla. Const. These cases have unique issues and problems that concern the discretionary authority of the trial judge to appoint co-counsel at public expense for an indigent capital defendant, who already has volunteer counsel, and to tax the cost of defense services against a county. While a plea has recently been entered by Spaziano, these issues are not moot.
The procedural history of this case is extensive. Joseph Spaziano was convicted in 1976 of the first-degree murder of Laura Harberts. The jury recommended a sentence of life imprisonment. The trial judge overrode the jury’s recommendation and sentenced Spaziano to death. On direct appeal, we affirmed Spaziano’s conviction, but vacated his death sentence and remanded for re-sentencing. Spaziano v. State, 393 So.2d 1119 (Fla.1981). Spaziano was again sentenced to death by the trial judge and this Court affirmed the resentencing on direct appeal. Spaziano v. State, 433 So.2d 508 (Fla.1983). The United States Supreme Court granted Spaziano’s petition for writ of certiorari and, thereafter, affirmed this Court’s decision. Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). Spaziano has been the subject of five death warrants. He has survived all five of those warrants. In Spaziano v. State, 660 So.2d 1363 (Fla.1995), we remanded Spaziano’s case to the trial court for an evidentia-ry hearing on the newly discovered evidence of the recantation of trial testimony by a primary trial witness. After an evidentiary hearing, the trial judge ruled that a new trial was required. We affirmed the granting of a new trial. State v. Spaziano, 692 So.2d 174 (Fla.1997).
Prior to the new trial, Spaziano’s volunteer counsel, James Russ, filed a motion for the appointment of co-counsel at public expense. The trial judge appointed Donald West as co-counsel and ordered that his compensation be paid by Seminole County. In his order, the trial judge found that he had the inherent authority to appoint private *774 counsel at public expense in this complex capital case. The judge expressly found that this case involves more than twenty years of litigation and that “[mjany capital eases ... in Seminole County have had two or more defense attorneys when the issues involve[d] were much less complex.” In a separate order, the judge taxed Seminole County with the cost of certain defense services performed on Spaziano’s behalf. Seminole County challenged both the order of appointment and the order directing payment of the costs.
With regard to co-counsel’s appointment, the Fifth District Court of Appeal quashed the trial court’s order, holding that the judge was without authority to appoint co-counsel at public expense under these factual circumstances. Seminole County v. Spaziano, 707 So.2d 931 (Fla. 5th DCA 1998). We disagree. Spaziano’s trial record contains incriminating evidence provided to the State by Chris Moore. Moore had alleged that, during a conversation he had with Spa-ziano in the Orange County jail in early 1980s, Spaziano admitted to committing two murders. At the time that Moore gave his deposition on this matter, he was under prosecution in Seminole County and the public defender was appointed to represent him. Moore was on the prosecutor’s witness list, but, while this case was pending before this Court, the prosecutor removed his name from the list. Irrespective of that late removal, we find that a conflict of interest existed that precluded the public defender from representing Spaziano. We also find that the trial judge properly exercised his discretion under section 27.53(3), Florida Statutes (1997), in appointing a private attorney to serve as co-counsel at public expense in this unusual and complex case. See Ferrell v. State, 653 So.2d 367 (Fla.1995); Annstrong v. State, 642 So.2d 730 (Fla.1994). We note that the co-counsel appointed by the trial judge has, at the time of this action, worked more than 200 hours in this case under the authority of the initial order of appointment. To accept Seminole County’s challenge would have raised a constitutional question concerning the right to counsel where, by government action, a defendant is required to change counsel at this stage of the proceedings. We also note that this case is unique because Spaziano’s counsel is a volunteer and the government is not responsible for his compensation. Even with our holding today the government is having to provide compensation for only one counsel. Irrespective of these considerations, we find that the trial judge was clearly within his discretionary authority to appoint co-counsel at public expense.
Seminole County also challenges the taxation of certain defense costs against the county. This challenge was rejected by the trial judge. We find that the trial judge appropriately taxed the costs of these particular defense services against the county under section 925.035, Florida Statutes (1997).
Accordingly, we quash the decision of the Fifth District Court of Appeal and affirm the trial court’s order taxing the cost of defense services against Seminole County.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD and PARIENTE, JJ., and OVERTON and KOGAN, Senior Justices, concur.