WARNER, J.
Non-party petitioners, First Call Ventures, LLC and First Call Movers and Transport of Florida, LLC (collectively referred to as First Call), seek certiorari review of the denial of a motion for protective order to prevent production to respondent, Nationwide Relocation Service, Inc., of confidential and proprietary information concerning First Call’s business. The trial court ordered production of various confidential documents in connection with Nationwide’s suit against a former employee, who is now First Call’s employee, and whom Nationwide alleges misappropriated trade secrets and proprietary information for the use of the employee and First Call. We deny the petition to the extent that it requests an in-camera inspection and confidentiality, as we interpret the trial court’s order as providing confidentiality. We grant the petition in part, concluding that the trial court departed from the essential requirements of law in failing to provide for the reasonable cost of production of documents by First Call.
First Call claims that the court should have conducted an in-camera inspection prior to ordering production of the documents. The trial court ordered production of the material “subject to a confidentiality order.” Just as in Columbia Hospital (Palm Beaches) Ltd. Part *693 nership v. Hasson, 33 So.3d 148, 150-51 (Fla. 4th DCA 2010), we deem that the trial court has concluded that the documents are confidential and therefore an in-camera inspection is not necessary, nor was an in-camera inspection requested before the trial court. Generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below. See Leonhardt v. Masters, 679 So.2d 73, 74 (Fla. 4th DCA 1996).
Because production is subject to a confidentiality order, the production of documents should be delayed, as in Columbia Hospital “until the parties ha[ve] an opportunity to negotiate a confidentiality agreement. In the event the parties are unable to agree, the trial court shall narrowly tailor any order requiring disclosure in such a way as to protect the [petitioner’s] trade secret interests.” Columbia Hosp., 33 So.3d at 151. This may mean that such production will be made solely to the attorneys and not to Nationwide itself. See, e.g., Bestechnologies, Inc. v. Trident Envtl. Sys., Inc., 681 So.2d 1175, 1176-77 (Fla. 2d DCA 1996). The trial court may also have to review documents to determine any disputes regarding confidentiality-
First Call also filed affidavits showing that production of all of the documents requested would be unduly burdensome and require $50,000 of employee time. The trial court made no provision for the payment of First Call’s costs. It is a non-party, so plenary appeal will not afford it relief. Therefore, we may address this on certiorari review.
The failure to make provision for the cost to a non-party to produce subpoenaed documents constitutes a departure from the essential requirement of law. See Abdel-Fattah v. Taub, 617 So.2d 429, 430 (Fla. 4th DCA 1993), disapproved on other grounds, Elkins v. Syken, 672 So.2d 517, 518 (Fla.1996); Young v. Santos, 611 So.2d 586 (Fla. 4th DCA 1993), disapproved of on other grounds, Elkins, 672 So.2d at 518; Fla. R. Civ. P. 1.351(c). We thus grant the petition and order the trial court to determine and provide for the reasonable cost to First Call for the production of the subpoenaed documents.

Petition granted in part; denied in part; and remanded with instructions.

GROSS and GERBER, JJ., concur.