IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM NETTING,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D13-5683

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed July 7, 2014.

An appeal from the Circuit Court for Duval County.
Angela Cox, Judge.

William Netting, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant appeals the trial court's order denying his petition for writ of mandamus, pursuant to which he sought an order instructing the Clerk of the Court for the Fourth Judicial Circuit to provide, at public expense, a copy of the transcripts of his postconviction evidentiary hearing. The State concedes Appellant is entitled to the relief he sought, and we agree.

For appeals from indigent defendants, Florida Rule of Appellate Procedure 9.141(b)(3)(A) requires the clerk of court for the lower tribunal to notify the designated court reporter to prepare a transcript of any evidentiary hearing held in regard to a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The clerk of court is then responsible for transmitting the record, including the transcript, to the appropriate appellate court. See Fla. R. App. P. 9.141(b)(3)(B)(i). The clerk of court must also serve a copy of the record, including the transcript, on counsel appointed to represent the indigent defendant. See Fla. R. App. P. 9.141(b)(3)(B)(iii).

Here, due to mistake or oversight by the clerk's office (and appellate counsel), none of this was done with respect to the transcripts at issue. Thus, this court affirmed, without the benefit of these transcripts, the trial court's order denying Appellant's motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. See Netting v. State, 122 So. 3d 871 (Fla. 1st DCA 2012). It is clear, however, that Appellant was then, and is now, entitled to a copy of the transcripts from the three-day evidentiary hearing on his postconviction motion. See Lewis v. State, 39 Fla. L. Weekly D662, D663 (Fla. 1st DCA March 27, 2014) (holding that, "in general, an indigent defendant is entitled to his or her own copy of the record in proceedings in which he or she is proceeding pro se, such as in Anders appeals, and, at the conclusion of representation, is

2

entitled to the record in the possession of trial counsel that was prepared at public expense.") (footnote and citation omitted).

Based on the foregoing, we reverse the trial court's order denying Appellant's petition for writ of mandamus for the court to issue an order instructing the clerk of court to provide Appellant with the requested transcripts of the three-day evidentiary hearing.

REVERSED and REMANDED with instructions.

THOMAS, ROWE, and MAKAR, JJ., CONCUR.