IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEVIN WATKINS,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3398

Opinion filed March 9, 2015.

Petition for Writ of Certiorari – Original Jurisdiction.

Kevin Watkins, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

      Petitioner, Kevin Watkins, seeks certiorari review of the trial court's Order Denying Defendant's Request for Permission to Relinquish Record on Appeal to Defendant. For the reasons that follow, we deny the petition without prejudice.

Petitioner was convicted of two counts of sexual battery by a person with familial authority where the victim was twelve years of age or older but younger than eighteen years of age, violations of chapter 794, Florida Statutes. For purposes of his appeal, Petitioner was declared partially indigent as to costs.[1] We affirmed one of Petitioner's convictions on appeal but reversed the other on the basis of insufficient evidence. See Watkins v. State, 48 So. 3d 883, 883 (Fla. 1st DCA 2010). We affirmed the summary denial of Petitioner's postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Watkins v. State, 130 So. 3d 1282, 1282 (Fla. 1st DCA 2013).

Thereafter, in a letter dated June 24, 2014, Petitioner's former counsel informed Petitioner:

> Because the case was a child sex offense case the records are confidential. The clerk of the court per statute has marked the records "Not for Public Disclosure." Common sense tells me that you, as the defendant, have a right to the record, but because it is marked confidential, I must obtain court permission to turn them over to you. Therefore, I have filed a motion today with the court asking for express permission to turn the confidential records over to you. As soon as we get the order back from the court, assuming the court authorizes that I do so, I will ship the records out to you.

As explained in the letter, counsel filed with the trial court a Request for Permission to Relinquish Record on Appeal to Defendant. Therein, counsel set

---

[1] Section 27.52(5), Florida Statutes, which addresses being declared indigent for costs, provides in part that a "person who is eligible to be represented by a public defender . . . but who is represented by private counsel . . . may move the court for a determination that he or she is indigent for costs and eligible for the provision of due process services, as prescribed by ss. 29.006 and 29.007, funded by the state."

2

forth in part:

> Undersigned counsel received a letter from [Petitioner] requesting that all of the documents from his case be provided to him. Undersigned counsel represented [Petitioner] for his direct appeal and the appeal of the denial of his motion for postconviction relief. Counsel has now concluded his representation of [Petitioner]. The Clerk of this Court marked the Record on Appeal for the direct appeal and the appeal of the denial of the motion for post conviction relief in this matter as NOT FOR PUBLIC DISCLOSURE.
>
> Due to the above, undersigned counsel is seeking permission from this Court to provide to [Petitioner] the record on appeal that was marked as Not For Public Disclosure by the Clerk of this Court from the direct appeal and from the appeal of the denial of the motion for post conviction relief.

The trial court, without explanation, entered an Order Denying Defendant's Request for Permission to Relinquish Record on Appeal to Defendant. This proceeding followed.

In support of his certiorari petition, Petitioner correctly contends that an indigent defendant is entitled, at the conclusion of representation, to the record in the possession of trial counsel that was prepared at public expense. See Lewis v. State, 142 So. 3d 879, 880 (Fla. 1st DCA 2014); see also Netting v. State, 143 So. 3d 970, 970-71 (Fla. 1st DCA 2014) (holding that the appellant was entitled to the requested transcripts of the postconviction evidentiary hearing); Office of Pub. Defender v. Madison, 961 So. 2d 1044, 1044 (Fla. 1st DCA 2007) ("Once the Office of the Public Defender's representation of an indigent defendant ends, the office must, upon request, surrender any trial transcripts in its possession to the defendant."); Davis v. State, 861 So. 2d 1214, 1216 (Fla. 2d DCA 2003) ("The law

3

is clear that an indigent defendant is entitled to his criminal trial transcripts, including depositions, prepared at public expense . . . .”). We note also that the confidential identifying information of a person who has been the victim of an offense prohibited by chapter 794 “may be released to the defendant or his or her attorney in order to prepare the defense.” See § 92.56(2), Fla. Stat. As the statute sets forth, “The confidential and exempt status of this information may not be construed to prevent the disclosure of the victim’s identity to the defendant.”[2] Id.

The problem Petitioner faces, however, is that while his former counsel requested permission to provide the confidential record to him, he made none of the arguments in support of that request that Petitioner now makes in this proceeding. Nor did counsel cite any authority in support of his request. “Generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below.” First Call Ventures, LLC v. Nationwide Relocation Servs., Inc., 127 So. 3d 691, 693 (Fla. 4th DCA 2013); see also Fla. Highway Patrol v. Bejarano, 137 So. 3d 619, 622 n.1 (Fla. 1st DCA 2014) (denying the certiorari

---

[2]  We see no reason why confidential information that was used to prepare a defense at trial should not be provided to an indigent defendant as part of the record he or she is entitled to once his or her counsel’s representation has concluded. We note, however, that certain information, such as child pornography, may not be provided to a defendant. See § 92.561(2), Fla. Stat. (providing that, notwithstanding any law or rule of court, a “court shall deny, in a criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that portrays sexual performance by a child or constitutes child pornography so long as the state attorney makes the property or material reasonably available to the defendant”).

petition challenging a protective order and citing First Call Ventures, LLC for the proposition that the petitioner's argument that the respondent presented no evidence that his transfer to Camp Pendleton was involuntary was not preserved for review); Smith v. David, 962 So. 2d 952, 953 (Fla. 1st DCA 2007) (denying the petition for writ of certiorari and noting that the petitioner failed to preserve his inmate account lien argument in the lower tribunal). Accordingly, we deny the certiorari petition without prejudice to allow Petitioner to pursue appropriate relief below.

DENIED.


LEWIS, C.J., WOLF and ROBERTS, JJ., CONCUR.