DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HCA HEALTH SERVICES OF FLORIDA, INC.** d/b/a **ST. LUCIE MEDICAL CENTER,**
Petitioner,

v.

**SARAH BYERS-MCPHEETERS; BRYAN MCPHEETERS; MICHAEL ANTHONY MELONI, JR., M.D.; J.H. GATEWOOD EMERGENCY SERVICES, P.A.; EMCARE PHYSICIAN PROVIDERS, INC.;** and **EM-1 MEDICAL SERVICES, P.A.,**
Respondents.

No. 4D15-4709

[June 29, 2016]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Carney Croom, Judge; L.T. Case No. 562011CA003154.

Michael R. D'Lugo and Adam W. Rhys of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for petitioner.

Philip M. Burlington and Adam J. Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for respondents Sarah Byers-McPheeters and Bryan McPheeters.

PER CURIAM.

Petitioner seeks certiorari relief from a November 16, 2015 order granting Respondents' motion for leave to assert a punitive damages claim. *See* § 768.72, Fla. Stat. (2015). Certiorari review is available to determine whether a trial court has complied with the procedural requirements of section 768.72, but not to review the sufficiency of the evidence. *Globe Newspaper Co. v. King,* 658 So. 2d 518, 520 (Fla. 1995).

The trial court failed to fully comply with the procedural requirements of section 768.72 when it expressly deferred making a finding on whether

the Respondents' proffer established a reasonable basis for recovery pursuant to section 768.72(3).[1]

Under section 768.72(3), the legislature established a heightened standard for imposing punitive damages on an employer rather than adopting the common law rules of agency and vicarious liability. *See Coronado Condo. Ass'n, Inc. v. La Corte*, 103 So. 3d 239, 241 (Fla. 3d DCA 2012).

The trial court departed from the essential requirements of the law in allowing Respondents to plead a punitive damages claim without first determining whether the heightened requirements of section 768.72(3) were met. *See Strasser v. Yalamanchi*, 677 So. 2d 22, 23 (Fla. 4th DCA 1996).

We grant the petition and quash the order on review.

*Petition granted.*

CIKLIN, C.J., MAY and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] In ruling on the Respondents' motion, the trial court stated, in part, that "whether or not there is an issue of law regarding Subsection (3) is an issue that I will address at a later time if that's developed." (Hearing Transcript, p. 45).