IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HERNANDO HMA, LLC, D/B/A BAYFRONT
HEALTH SPRING HILL, F/K/A SPRING HILL HOSPITAL,

     Petitioner,

 v.                                    Case No.  5D16-2835

ROBERT T. ERWIN, JR., AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF PATRICIA ERWIN,

     Respondent.

_____/

Opinion filed February 3, 2017

Petition for Certiorari Review
of Order from the Circuit Court
for Hernando County,
Richard Tombrink, Jr., Judge.

Amy L. Dilday and Gerald R. DeVega, of
McCumber, Daniels, Buntz, Hartig & Puig,
P.A., Tampa, and J. David Gallagher and
Scott Albee, of Fulmer, LeRoy & Albee,
PLLC, of Tampa, for Petitioner.

Wil H. Florin and Eric P. Czelusta, of Florin
Roebig, P.A., Palm Harbor for Respondent.

PALMER, J.

     Petitioner, Hernando HMA, LLC, d/b/a Bayfront Health Spring Hill, f/k/a Spring Hill

Hospital, has filed a petition seeking a writ of certiorari to quash the trial court's order

granting Respondent's motion to amend its complaint to assert a claim for punitive

damages. Because Petitioner seeks relief on a ground not raised below, we deny the petition.

Respondent, Robert Erwin, filed suit against Petitioner alleging medical malpractice. He later filed a motion seeking to add a claim for punitive damages. After a hearing, the trial court granted the motion, citing Estate of Despain v. Avante Group, Inc., 900 So. 2d 637 (Fla. 5th DCA 2005).

In seeking certiorari relief, Petitioner argues that the trial court erred in relying on Despain because that decision was based on a prior version of the punitive damages statute, see § 768.72, Fla. Stat. (1999), which has since been amended to heighten the burden of proving an employer's fault from ordinary negligence to gross negligence. See § 768.72, Fla. Stat. (2016). However, Petitioner made no such argument below.

At the hearing, Petitioner's main argument focused on a statute of limitations issue not relevant here. The only arguments unrelated to the statute of limitations issues were an attack on an affidavit as hyperbole and an objection to the admission of a letter because it had not been disclosed during discovery. Petitioner's written "Response and Objection to Plaintiff's Motion to Add Punitive Damages and Plaintiff's Proffer" also did not include the argument now raised in this petition. Petitioner, in fact, cited the Despain decision in support of its objection. Although the Response noted that Respondent recited the definition of gross negligence in his motion to amend the complaint, the Response did not argue that Respondent failed to state a claim for punitive damages. Instead, the Response argued that (1) Respondent's expert affidavit was insufficient and should be stricken, (2) a letter relied upon by Respondent should be disregarded because it had not

2

been produced during discovery, (3) the claim for punitive damages was barred by the statute of limitations, and (4) the motion to amend was untimely filed.

We deny the instant petition because "[g]enerally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below." Watkins v. State, 159 So. 3d 323, 325 (Fla. 1st DCA 2015) (quoting First Call Ventures, LLC v. Nationwide Relocation Servs., Inc., 127 So. 3d 691, 693 (Fla. 4th DCA 2013)).[1]

PETITION DENIED.

TORPY, J., concurs.
COHEN, J., dissents with opinion.

---

[1] When the trial court announced its ruling and reasoning therefor at the conclusion of the hearing, Petitioner urged the court to reconsider its ruling, but not based on the court's improper reliance on Despain. Had Petitioner done so, the trial court could have addressed the issue immediately.

COHEN, J., dissenting.

The panel agrees that the trial court relied on the incorrect legal standard in granting Respondent's motion to amend the complaint to add a claim for punitive damages. Our disagreement is whether Petitioner preserved that issue for appellate review. I would hold that Petitioner preserved the issue and grant the petition.

In granting Respondent's motion to amend, the trial court relied on this Court's opinion in Estate of Despain v. Avante Group, Inc., 900 So. 2d 637 (Fla. 5th DCA 2005), which, pursuant to section 768.72, Florida Statutes (1999), allowed a plaintiff to establish the vicarious liability of an employer based on 1) willful and wanton misconduct by the employee, and 2) "some fault" by the employer rising to the level of "ordinary negligence." 900 So. 2d at 640–41 (citing Mercury Motors Express, Inc. v. Smith, 393 So. 2d 545 (Fla. 1981)) (additional citations omitted).[1] The current statute sets forth a significantly different standard. See § 768.72(3), Fla. Stat. (2016). It requires that the plaintiff establish 1) "intentional misconduct" or "gross negligence" by the employee, and 2) knowing participation, approval, or gross negligence on the part of the employer. Id.

While Petitioner cited Despain in its response to the motion to amend, it cited Despain for a procedural point about the type of evidence admissible to show entitlement to assert a claim for punitive damages. Petitioner argued the correct standard to assert a claim for punitive damages, albeit inartfully, throughout the proceedings below. From the

---

[1] Footnote three of Despain acknowledges that the court applied an anachronistic version of the statute. See 900 So. 2d at 641 n.3 (noting that an amended evidentiary standard became effective October 1, 1999).

time of the response to the motion to amend through the hearing, Petitioner maintained that Respondent failed to demonstrate either intentional misconduct or conscious disregard, as required by the statute.[2] In my view, this suffices to preserve the issue for appellate review.

It is true that most of the hearing was spent debating whether the statute of limitations precluded the claim for punitive damages. Yet, in granting Respondent's motion to amend, the trial court did not determine whether the now-applicable requirements of section 768.72 were met. Rather, the court cited Despain and stated that, accepting Respondent's proffered evidence as true, "I think that is a basis for punitive damages . . . it allows it to go forward." Because the trial court relied on Despain and failed to address whether Respondent's punitive damages claim satisfied the applicable standard set forth in section 768.72(3), I would grant the petition. Cf. HCA Health Servs. of Fla., Inc. v. Byers-McPheeters, 201 So. 3d 669, 670 (Fla. 4th DCA 2016) (granting petition when the "trial court failed to fully comply with the procedural requirements of section 768.72").

---

[2] In its response to the motion to amend the complaint, Petitioner argued that Respondent's claim of "gross negligence" pursuant to section 768.72 failed to state a claim for punitive damages. Additionally, at the hearing, Petitioner contended that Respondent's proffered evidence to support the claim for punitive damages was legally insufficient because it did not demonstrate "gross negligence" on the part of Petitioner's employees, nor did it demonstrate "intentional or conscious disregard." Respondent's motion to amend also cited the appropriate version of section 768.72 and acknowledged that Respondent "must make a reasonable showing by proffered evidence that the parties against whom punitive damages are sought were guilty of either intentional misconduct or gross negligence." However, Respondent argued at the hearing that for Petitioner to be vicariously liable, there only needed to be "some fault" on its behalf.