PALMER, J.
Petitioner, Hernando HMA, LLC, d/b/a Bayfront Health Spring Hill, f/k/a Spring Hill Hospital, has filed a petition seeking a writ of certiorari to quash the trial court’s order granting Respondent’s motion to amend its complaint to assert a claim for punitive damages. Because Petitioner seeks relief on a ground not raised below, we deny the petition.
Respondent, Robert Erwin, filed suit against Petitioner alleging medical malpractice. He later filed a motion seeking to add a claim for punitive damages. After a hearing, the trial court granted the motion, citing Estate of Despain v. Avante Group, Inc., 900 So.2d 637 (Fla. 5th DCA 2005).
In seeking certiorari relief, Petitioner argues that the trial court erred in relying on Despain because that decision was based on a prior version of the punitive damages statute, see § 768.72, Fla. Stat. (1999), which has since been amended to heighten the burden of proving an employer’s fault from ordinary negligence to gross negligence. See § 768.72, Fla. Stat. (2016). However, Petitioner made no such argument below.
At the hearing, Petitioner’s main argument focused on a statute of limitations issue not relevant here. The only arguments unrelated to the statute of limitations issues were an attack on an affidavit as hyperbole and an objection to the admission of a letter because it had not been disclosed during discovery. Petitioner’s written “Response and Objection to Plaintiffs Motion to Add Punitive Damages and Plaintiffs Proffer” also did not include the argument now raised in this petition. Petitioner, in fact, cited the Despain decision in support of its objection. Although the Response noted that Respondent recited the definition of gross negligence in his motion to amend the complaint, the Response did not argue that Respondent failed to state a claim for punitive damages. Instead, the Response argued that (1) Respondent’s expert affidavit was insufficient and should be stricken, (2) a letter relied upon by Respondent should be disregarded because it had not been produced during discovery, (3) the claim for punitive damages was barred by the statute of limitations, and (4) the motion to amend was untimely filed.
We deny the instant petition because “ [generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below.” Watkins v. State, 159 So.3d 323, 325 (Fla. 1st DCA 2015) (quoting First Call Ventures, LLC v. Nationwide Relocation Servs., Inc., 127 So.3d 691, 693 (Fla. 4th DCA2013)).[1]
PETITION DENIED.
*850 TORPY, J., concurs.
COHEN, J., dissents with opinion.

. When the trial court announced its ruling and reasoning therefor at the conclusion of the hearing, Petitioner urged the court to reconsider its ruling, but not based on the court’s improper reliance on Despain. Had *850 Petitioner done so, the trial court could have addressed the issue immediately.