COHEN, J.,
dissenting.
The panel agrees that the trial court relied on the incorrect legal standard in granting Respondent’s motion to amend the complaint to add a claim for punitive damages. Our disagreement is whether Petitioner preserved that issue for appellate review. I would hold that Petitioner preserved the issue and grant the petition.
In granting Respondent’s motion to amend, the trial court relied on this Court’s opinion in Estate of Despain v. Avante Group, Inc., 900 So.2d 637 (Fla. 5th DCA 2005), which, pursuant to section 768.72, Florida Statutes (1999), allowed a plaintiff to establish the vicarious liability of an employer based on 1) willful and wanton misconduct by the employee, and 2) “some fault” by the employer rising to the level of “ordinary negligence.” 900 So.2d at 640-41 (citing Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981)) (additional citations omitted).[1] The current statute sets forth a significantly different standard. See § 768.72(3), Fla. Stat. (2016). It requires that the plaintiff establish 1) “intentional misconduct” or “gross negligence’’ by the employee, and 2) knowing participation, approval, or gross negligence on the part of the employer. Id.
While Petitioner cited Despain in its response to the motion to amend, it cited Despain for a procedural point about the type of evidence admissible to show entitlement to assert a claim for punitive damages. Petitioner argued the correct standard to assert a claim for punitive damages, albeit inartfully, throughout the proceedings below. From the time of the response to the motion to amend through the hearing, Petitioner maintained that Respondent failed to demonstrate either intentional misconduct or conscious disregard, as required by the statute.[2] In my view, this suffices to preserve the issue for appellate review.
It is true that most of the hearing was spent debating whether the statute of limitations precluded the claim for punitive damages. Yet, in granting Respondent’s motion to amend, the trial court did not determine whether the now-applicable requirements of section 768.72 were met. Rather, the court cited Despain and stated that, accepting Respondent’s proffered evidence as true, “I think that is a basis for punitive damages ... it allows it to go forward.” Because the trial court relied on Despain and failed to address whether Respondent’s punitive damages claim satisfied the applicable standard set forth in section 768.72(3), I would grant the peti *851 tion. Cf. HCA Health Servs. of Fla., Inc. v. Byers-McPheeters, 201 So.3d 669, 670 (Fla. 4th DCA 2016) (granting petition when the “trial court failed to fully comply with the procedural requirements of section 768.72”).

. Footnote three of Despain acknowledges that the court applied an anachronistic ver-sipn of the statute. See 900 So.2d at 641 n.3 (noting that an amended evidentiary standard became effective October 1, 1999).

. In its response to the motion to amend the complaint, Petitioner argued that Respondent's claim of "gross negligence” pursuant to section 768.72 failed to state a claim for punitive damages. Additionally, at the hearing, Petitioner contended that Respondent’s proffered evidence to support the claim for punitive damages was legally insufficient because it did not demonstrate "gross negligence” on the part of Petitioner’s employees, nor did it demonstrate "intentional or conscious disregard.” Respondent’s motion to amend also cited the appropriate version of section 768.72 and acknowledged that Respondent "must make a reasonable showing by proffered evidence that the parties against whom punitive damages are sought were guilty of either intentional misconduct or gross negligence.” However, Respondent argued at the hearing that for Petitioner to be vicariously liable, there only needed to be “some fault” on its behalf.