NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JULIANNE HOLT, Public Defender
for the Thirteenth Judicial Circuit,
Hillsborough County,

      Petitioner,

v.

      Case No. 2D17-2157

MICHAEL EDWARD KEETLEY and
STATE OF FLORIDA,

      Respondents.

Opinion filed June 20, 2018.

Petition for Writ of Certiorari to the
Circuit Court for Hillsborough County;
Samantha L. Ward, Judge.

Julianne M. Holt, Public Defender, and
Jennifer Spradley and John Morrison,
Assistant Public Defenders, Tampa,
for Petitioner.

Lyann Goudie of Goudie & Kohn, P.A.,
Tampa, and Wade Whidden, Tampa,
for Respondent Michael Edward
Keetley.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Caroline Johnson
Levine, Assistant Attorney General,
Tampa, for Respondent State of Florida.

ROTHSTEIN-YOUAKIM, Judge.

Julianne M. Holt, the Public Defender for the Thirteenth Judicial Circuit (the Public Defender), petitions for a writ of certiorari quashing the circuit court's order appointing her office to represent Michael Edward Keetley in criminal case number 10-CF-0018429. Because the Public Defender failed to preserve the arguments that she now raises and, in any event, has wholly failed to make the threshold jurisdictional showing of material injury, we dismiss the petition.

On December 16, 2010, Keetley was indicted on two counts of murder in the first degree (premeditated) and four counts of attempted murder in the first degree. On that date, private attorney Ariel Garcia filed a notice of appearance on Keetley's behalf. Thereafter, the clerk determined that Keetley was indigent and appointed the Public Defender to represent him, but Keetley declined her services.

In 2011, the State filed its notice of intent to seek the death penalty, and private attorney Lyann Goudie filed a notice of appearance on Keetley's behalf. Less than a year later, private attorney Paul Carr officially appeared on Keetley's behalf although he had been representing Keetley since December 2010. Attorney Garcia later withdrew, and another private attorney also came and went.

In October 2014, Attorney Goudie moved to have Keetley declared indigent for costs pursuant to section 27.52(5), Florida Statutes (2014).[1] The trial court

_____

[1]That subsection provides, in part:

A person who is eligible to be represented by a public defender under s. 27.51 but who is represented by private counsel not appointed by the court for a reasonable fee as approved by the court or on a pro bono basis, or who is proceeding pro se, may move the court for a determination

granted the motion. All along, Keetley's parents had been footing the bill for private counsel and had already incurred approximately $200,000 in fees with respect to Attorney Goudie and Attorney Carr.

Attorney Goudie subsequently filed an ex parte motion to appoint a third attorney as penalty-phase counsel. The Public Defender personally appeared at the August 19, 2015, hearing on this motion, and the Justice Administrative Commission (JAC) appeared telephonically.[2] Although present, the Public Defender declined to comment on the motion, while the JAC generally argued in opposition to the appointment of a third attorney at state expense. The trial court orally denied the motion at the hearing. With respect to the appointment of the Public Defender, the court explained that its decision was "based on the plain reading of the rules and statutes relating to this that prohibit appointment when a Defendant . . . is being represented by retained counsel."

In May 2016, Keetley, through Attorney Goudie, moved for the trial court to declare Florida's amended death penalty statute unconstitutional in light of Hurst v. Florida, 136 S. Ct. 616 (2016). The trial court granted the motion, and the State sought

---

that he or she is indigent for costs and eligible for the provision of due process services, as prescribed by ss. 29.006 and 29.007, funded by the state.

[2]Among other things, the JAC is responsible for reimbursing fees and costs associated with the court appointment of private counsel when the Office of the Public Defender and Office of Criminal Conflict and Civil Regional Counsel have a conflict precluding representation. See §§ 27.5304, 29.007, Fla. Stat. (2016).

certiorari review in this court.  The Public Defender represented Keetley in that certiorari proceeding.[3]

On July 8, 2016 (during the pendency of the certiorari proceeding), the trial court entered an order of substitution of counsel that relieved Attorney Carr from further responsibility and substituted Attorney Goudie as lead counsel.  That same day, Attorney Goudie filed a second motion to appoint penalty-phase counsel, requesting cocounsel on the grounds that it is "standard practice in death penalty cases, for a defendant to be represented by at least two lawyers" and that she did not feel that she could "prepare for both first phase motions and trial and competently and effectively prepare motions, conduct hearings and arguments on the penalty phase issues." Attorney Goudie asserted in her motion that the JAC had informed her that the Public Defender "typically, in these situations, . . . cites the Statute, the commentary[,] and case law to refuse appointment," at which point the court will "turn[] to JAC."  She contended, however, that the trial court was not precluded from appointing the Public Defender to represent Keetley in the penalty phase.

At the hearing on this motion, the JAC appeared telephonically and opposed the appointment of a second attorney for the same reasons that it had previously opposed the appointment of a third and also because the death penalty seemed to be off the table in light of Hurst.  The record does not indicate that anyone appeared on behalf of the Public Defender.  The trial court denied the motion in light of

---

[3]This court subsequently denied the State's certiorari petition in light of Hurst v. State, 202 So. 3d 40 (Fla. 2016).  See State v. Keetley, 205 So. 3d 602 (Fla. 2d DCA 2016) (table decision).

- 4 -

its prior determination that the death penalty statute (as it was then effectuated) was unconstitutional.

In March 2017, with the death penalty apparently back on the table, see Evans v. State, 213 So. 3d 856 (Fla. 2017), Attorney Goudie filed a renewed motion to appoint penalty-phase counsel. The motion was substantively identical to the motion that she had filed in July 2016. Attorney Goudie served the Public Defender with this motion. The Public Defender, however, did not file a response to the motion, no one from her office appeared at the April 3, 2017, hearing, and no one at the hearing purported to represent her. The JAC appeared at the hearing telephonically and reiterated its objection that it lacked the statutory authority to pay for court-appointed counsel.

On April 24, 2017, the trial court granted Keetley's renewed motion to appoint penalty-phase counsel and appointed the Office of the Public Defender to serve as cocounsel. In its order, the court noted that it "did not hear from the Office of the Public Defender" at the hearing, although it did conclude that "[t]he substance of the JAC's objections appl[ied] with equal force" to its appointment.

On May 15, 2017, the Public Defender moved for reconsideration, arguing, in sum, "There is no provision in Florida law that allows the appointment of the Office of the Public Defender when a defendant has retained counsel." At the hearing— at which an attorney from the Office of the Public Defender did appear—the trial court orally denied the motion for reconsideration. No written order was rendered. Thereafter, the Public Defender filed this petition for a writ of certiorari.

As an initial matter, we must determine what trial court order properly falls within the scope of our review. Pursuant to Florida Rule of Appellate Procedure 9.100(c)(1), a petition for a writ of certiorari shall be filed within thirty days of rendition of the order to be reviewed, and pursuant to rule 9.020(i), "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Absent a signed, written order, our certiorari jurisdiction may not be invoked. See Fla. R. App. P. 9.100(c)(1); State v. Maldonado, 156 So. 3d 589, 589 (Fla. 3d DCA 2015) ("Because the trial court has not rendered a written order, we dismiss this petition for lack of certiorari jurisdiction."); Burns v. State, 906 So. 2d 351, 351 (Fla. 3d DCA 2005) ("[S]ince the trial court has not rendered an order regarding the defendant's bond . . . we conclude that the certiorari jurisdiction of this court has not been invoked."); Davis v. Heye, 743 So. 2d 1200, 1200 (Fla. 5th DCA 1999) ("We dismiss the petition for writ of certiorari because no order was rendered from which certiorari can be taken and vest jurisdiction in this court. The circuit court only pronounced an oral ruling."). Consequently, the trial court's oral denial of the Public Defender's motion for reconsideration is not properly before us; the only rendered order to which the May 24, 2017, petition timely applies is the order granting Keetley's renewed motion to appoint penalty-phase counsel.

Having determined what order is properly before us, we must next determine what arguments are properly before us. And the answer to that is none of them. Although plainly on notice and no stranger to the litigation, the Public Defender did not appear at the hearing on Keetley's renewed motion to appoint penalty-phase counsel, nor did she otherwise respond to the motion until after the order on the motion

had been rendered. The limited record before us does not indicate that the Public Defender either authorized the JAC to argue on her behalf or adopted or joined the JAC's objections. We also note that the State, which now supports the Public Defender in her certiorari petition, took no position below on Keetley's requests for counsel and did not independently seek certiorari review of the trial court's order. We thus decline to consider those arguments that the Public Defender and the State raise for the first time in this proceeding. See Sarasota Renaissance II, Ltd. P'ship v. Batson Cook Co., 117 So. 3d 1184, 1189 (Fla. 2d DCA 2013) ("Although [appellee] objected to the entry of the order [that appellant challenges on appeal], [appellant] failed to join in the objection. Thus, insofar as [appellant] is concerned, the circuit court's ruling amounts to unpreserved error concerning which [appellant] may not complain on appeal."); First Call Ventures, LLC v. Nationwide Relocation Servs., Inc., 127 So. 3d 691, 693 (Fla. 4th DCA 2013) ("Generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below." (citing Leonhardt v. Masters, 679 So. 2d 73, 74 (Fla. 4th DCA 1996))); Johnson v. State, 348 So. 2d 646, 647 (Fla. 3d DCA 1977) ("First, we note that defendant was tried jointly with a co-defendant and counsel for co-defendant objected to the above remark and requested a curative instruction. Counsel for defendant having acted independently of counsel for co-defendant during the proceedings and having failed to expressly adopt the above objection, has thereby waived his objection thereto.").

Even if we were to consider the merits of the Public Defender's arguments, we would be unable to grant her certiorari relief because she has not established one of the jurisdictional prerequisites. To be eligible for certiorari relief, a

petitioner must establish "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Capital One, N.A. v. Forbes, 34 So. 3d 209, 212 (Fla. 2d DCA 2010) (quoting DeLoach v. Aird, 989 So. 2d 652, 654 (Fla. 2d DCA 2007)).  The latter two prongs are jurisdictional, see Barker v. Barker, 909 So. 2d 333, 336 (Fla. 2d DCA 2005), and if they are not fulfilled, we must dismiss—rather than deny—the petition, see Capital One, N.A., 34 So. 3d at 212.

The Public Defender has failed to explain, let alone establish, how she will suffer a material injury.  She was initially appointed to represent the indigent Keetley and, in fact, has previously represented him in his certiorari petition to this court.  She did not dispute that she routinely assigns two attorneys to represent an indigent defendant facing the death penalty, while here she has been ordered to assign only one.  See Spaziano v. Seminole County, 726 So. 2d 772, 774 (Fla. 1999) (affirming trial court's inherent, discretionary authority to appoint cocounsel at public expense in a complex capital case and noting, "Even with our holding today the government is having to provide compensation for only one counsel").  And although plainly on notice of Keetley's renewed motion for appointment of penalty-phase counsel, she did not object to it until after she had been appointed.  Under these circumstances, we would be hard-pressed to hold that her appointment as cocounsel will result in material injury so as to invoke this court's certiorari jurisdiction.

Accordingly, the petition for certiorari is dismissed.

KELLY and SALARIO, JJ., Concur.