HARRIS, J.
In this premises liability action, FirstService Residential Florida, Inc. ("FirstService"), seeks certiorari relief, requesting that this Court quash the trial court's order compelling production of its work product (i.e., photographs). Because FirstService failed to properly preserve its claim of error for appellate review, we must deny the petition.
Carmen Rodriguez filed a premises liability lawsuit against several defendants, including FirstService. The complaint alleged that Rodriguez slipped and fell on a transitory foreign substance while walking towards the elevator of her condominium, and that FirstService was the property management company that managed the condominium property at the time of the fall. Pre-trial, Rodriguez scheduled a deposition of FirstService's corporate representative, Jessica Gomez. Prior to the deposition, FirstService filed a privilege log, asserting a work product privilege as to, among other things, two photographs of the area near Rodriguez's condominium. During the deposition, Rodriguez asked Gomez questions pertaining to those photographs and FirstService objected, asserting work product privilege.
Following the deposition, Rodriguez filed a motion to compel FirstService to produce the photographs. At the hearing on her motion, Rodriguez argued that she did not have any photos taken on the day of the fall and had no way to recreate the scene depicted in FirstService's two photos. In response, FirstService argued only that Rodriguez had the substantial equivalent of the photographs requested, and as such, the exception to the work product privilege did not apply. The trial court granted Rodriguez's motion to compel and ordered the production of the two photographs.
In the instant petition, FirstService argues for the first time that certiorari relief is warranted because Rodriguez failed to meet her burden of presenting evidence establishing that an exception to the work product privilege exists in this case. FirstService asserts that the trial court's discovery order departs from the essential requirements of the law because, during the motion hearing, Rodriguez "relied on assertions of counsel and did not present evidence sufficient to overcome FirstService's work product objection." Specifically, the petition asserts that Rodriguez
made no evidentiary showing which could overcome FirstService's assertion of privilege. Plaintiff did not cite any deposition testimony, or affidavits in her motion or at the hearing below.... Despite her clear evidentiary burden, *676 Plaintiff presented no evidence whatsoever at the hearing below, and failed to establish that she was entitled to the photographs pursuant to rule 1.280(b)(4). Consequently, the trial court departed from the essential requirements of law by ordering FirstService's privileged work product to be produced.
The work product privilege is set forth in Florida Rule of Civil Procedure 1.280. Specifically, rule 1.280(b)(4) provides:
a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
To support its position, FirstService cites CSX Transportation, Inc. v. Carpenter, 725 So.2d 434, 435 (Fla. 2d DCA 1999), which explained that rule 1.280(b) requires a showing, through evidence, that the party seeking discovery needs the materials in the preparation of the case and cannot, without undue hardship, obtain the substantial equivalent of the materials by other means and that assertions of counsel do not fulfill this requirement. FirstService also cites to Florida East Coast Railway v. Jones, 847 So.2d 1118, 1119 (Fla. 1st DCA 2003) ; North Broward Hospital District v. Button, 592 So.2d 367, 368 (Fla. 4th DCA 1992) ; and Winn-Dixie Stores v. Nakutis, 435 So.2d 307, 308 (Fla. 5th DCA 1983), to support its argument that "bare assertions of counsel are clearly inadequate to show the 'need' and 'undue hardship' required for production of work product documents."
While FirstService's statement of the law is correct, the petition must be denied because FirstService failed to properly preserve this claim of error for appellate review. At no time below did FirstService argue that production of the photographs was not warranted because Rodriguez failed to submit "any deposition testimony or affidavits," but instead improperly relied solely upon the assertions of her counsel to prove her case. Florida courts agree that a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below. See, e.g., Robins v. Colombo, 253 So.3d 94, 97 (Fla. 3d DCA 2018) ; Holt for Thirteenth Judicial Cir., Hillsborough Cty. v. Keetley, 250 So.3d 206, 209 (Fla. 2d DCA 2018) ; US Bank Nat'l Ass'n for CSFB Heat 2006-7 v. Tranumn, 247 So.3d 567, 570-71 (Fla. 1st DCA 2018) ; Hernando HMA, LLC v. Erwin, 208 So.3d 848, 849 (Fla. 5th DCA 2017) First Call Ventures, LLC v. Nationwide Relocation Servs., Inc., 127 So.3d 691, 693 (Fla. 4th DCA 2013).
Here, because the record demonstrates that FirstService did not raise any challenge to the sufficiency of Rodriguez's evidence below, that argument was not preserved for appellate review.
PETITION DENIED.
EDWARDS and BERGER, JJ., concur.