# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2082
Lower Tribunal No. F20-9049
_____

**The Justice Administrative Commission,**
Petitioner,

vs.

**Ian Jackson,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Ana Cristina Martinez, General Counsel and Christian D. Lake, Assistant General Counsel (Tallahassee), for petitioner.

Ana M. Davide, P.A., and Ana M. Davide, for respondent.

Michael T. Davis and Daniel Tibbitt for Florida Association of Criminal Defense Lawyers-Miami Chapter as amicus curiae.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

LOBREE, J.

In this murder case in which the State has noticed its intent to seek the death penalty, the Justice Administrative Commission ("JAC") seeks a writ of certiorari to quash the trial court's order appointing private, second chair co-counsel and ordering that it pay co-counsel's attorney's fees where the defendant, Ian Jackson, is already represented by a privately retained attorney. We grant the petition for writ of certiorari, quash the order under review, and certify to the Florida Supreme Court a question of great public importance.

## BACKGROUND

In July 2020, Jackson was charged with one count of second-degree murder with a firearm. He retained private counsel Ana Davide to represent him on that charge for a specific fee amount. Soon thereafter, Jackson was declared indigent for costs. Almost two years later, the State charged Jackson by indictment with two counts of first-degree murder and filed its notice of intent to seek the death penalty.

Jackson moved to appoint private attorney Reginald (Tony) Moss as second chair, penalty phase counsel, stating that he did not have money to retain a second attorney to handle the penalty phase of a death penalty case. Jackson argued that his Sixth Amendment right to effective assistance of counsel mandated Moss's appointment, in part because he was unable to

afford two attorneys. Jackson maintained that failure to appoint Moss would violate his rights to due process and equal protection under Florida and Federal Constitutions.

JAC objected to Moss's appointment, contending that section 27.52(5)(h), Florida Statutes, bars the appointment of a lawyer when a defendant has privately retained and paid counsel. The Public Defender for the Eleventh Judicial Circuit objected to its appointment as co-counsel, arguing that under section 27.51(2), Florida Statutes (2021), it could not represent Jackson because he was already represented by private counsel. Similarly, the Office of Criminal Conflict and Civil Regional Counsel, Third Region, objected to its appointment as co-counsel, contending that under section 27.511(7), Florida Statutes (2022), it could not represent Jackson where he had privately retained counsel.

After a hearing, the trial court entered a written order granting Jackson's motion, appointing Moss, and ordering that JAC "shall pay the attorney fees, costs, and related expenses of Tony Moss." Among other things, the trial court found that Jackson lacked the funds to pay for a penalty phase, second chair co-counsel, and that Jackson wished to maintain Davide as his counsel. The trial court found that Moss's appointment was "necessary to protect [Jackson's] rights and that he is entitled to a penalty

3

phase second chair co-counsel that can legally and ethically represent him in this case." Finally, the trial court determined that "*this is a matter of great public importance which will have a great impact upon the administration of justice throughout the State of Florida requiring immediate resolution by the Third District Court of Appeal as well as the Florida Supreme Court*." (emphasis in original).

## ANALYSIS

To obtain a writ of certiorari, JAC must show that the trial court's order appointing Moss as co-counsel and ordering it to pay attorney's fees, costs, and expenses related to Moss[1] "constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). Together, the second and third prongs are referred to as "irreparable harm," and "[t]he irreparable-harm inquiry . . . presents a threshold jurisdictional issue to be decided before determining if a departure from the essential requirements of law has occurred." Vericker v. Powell, 406 So. 3d 939, 943–44 (Fla. 2025). We find that the threshold showing of irreparable harm is met here because

---

[1] Upon final disposition of the case, Moss would be entitled to a flat fee for his representation as set forth in section 27.5304(1)–(5), Florida Statutes (2022).

4

a Florida state agency, such as JAC, suffers a material injury where a trial court's order "interfere[s] with [the agency]'s responsibility to expend its appropriated funds in accordance with the laws governing [that agency]," Dep't of Child. & Fams. v. Lotton, 172 So. 3d 983, 988 (Fla. 5th DCA 2015), and JAC has "no adequate remedy on appeal considering [its] non-party status," Dep't of Child. & Fams. v. Garcia, 245 So. 3d 919, 922 (Fla. 3d DCA 2018) (quoting State Dep't of Health & Rehab. Servs. v. Myers, 696 So. 2d 863, 865 (Fla. 4th DCA 1997)).  See also Just. Admin. Comm'n v. Wahid, 390 So. 3d 705, 710 (Fla. 3d DCA 2024) ("A petition for writ of certiorari is the proper vehicle for reviewing an order concerning attorney's fees for private court-appointed counsel.").

Turning to the merits, a departure from the essential requirements of the law occurs "where there has been a violation of a clearly established principle of law."  Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 355 (Fla. 2012).  "Clearly established law 'can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.'" Rosich-Medina v. Chilaud, 426 So. 3d 578, 581 (Fla. 3d DCA 2025) (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003)).

JAC argues that the trial court departed from the essential

5

requirements of law in appointing a private attorney to serve as co-counsel where Jackson is represented by a privately retained and paid attorney. Specifically, JAC argues that Moss's appointment is contrary to the plain language of section 27.52(5)(h), Florida Statutes (2022), which provides as follows: "The court may not appoint an attorney paid by the state based on a finding that the defendant is indigent for costs if the defendant has privately retained and paid counsel." Jackson responds that the trial court did not depart from the essential requirements of law in appointing Moss because section 27.51(2), Florida Statutes (2022), permits the trial court to appoint private counsel where the defendant is not indigent and therefore conflicts with section 27.52(5)(h). Section 27.51(2) states as follows:

> (2) The court may not appoint the public defender to represent, even on a temporary basis, any person who is not indigent. If a defendant has retained private counsel, the court may not appoint the public defender to represent that defendant simultaneously on the same case. *The court, however, may appoint private counsel in capital cases as provided in ss. 27.40 and 27.5303*.

Id. (emphasis added). Indeed, the two statutory sections appear to conflict. "When reconciling statutes that may appear to conflict, the rules of statutory construction provide that a specific statute will control over a general statute . . . ." Florida Virtual Sch. v. K12, Inc., 148 So. 3d 97, 102 (Fla. 2014). Here, where the State has filed a notice of intent to seek the death penalty, section

6

27.51(2), which specifically addresses the appointment of private counsel in capital cases, applies over the general statement set forth in section 27.52(5)(h).

Our analysis does not end here, because section 27.51(2) directs that in capital cases, the court "may appoint private counsel . . . *as provided in ss. 27.40 and 27.5303*." (emphasis added). Considering these statutes, section 27.40 addresses the appointment of private counsel as follows:

> (1) . . . . *The office of criminal conflict and civil regional counsel shall be appointed* to represent persons in those cases in which provision is made for court-appointed counsel, but *only after the public defender has certified to the court in writing that the public defender is unable to provide representation due to a conflict of interest or is not authorized to provide representation*. . . .

> (2)(a) *Private counsel shall be appointed* to represent persons in those cases in which provision is made for court-appointed counsel *but only after the office of criminal conflict and civil regional counsel has been appointed* and has certified to the court in writing that the criminal conflict and civil regional counsel *is unable to provide representation due to a conflict of interest*. . . .

§ 27.40, Fla. Stat. (2022) (emphasis added). Section 27.5303 similarly provides:

> (1)(a) If, at any time during the representation of two or more defendants, a public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of a conflict of interest, then the public defender shall file a motion to withdraw and move the

7

court to appoint other counsel. . . . *If the court grants the motion to withdraw, the court shall appoint one or more attorneys to represent the accused, as provided in s. 27.40*. . . .

(b) If, at any time during the representation of two or more persons in a criminal or civil proceeding, a criminal conflict and civil regional counsel determines that the interests of those clients are so adverse or hostile that they cannot all be counseled by the regional counsel or his or her staff without conflict of interest, or that none can be counseled by the regional counsel or his or her staff because of a conflict of interest, the regional counsel shall file a motion to withdraw and move the court to appoint other counsel. . . . *If the court grants the motion to withdraw, the court shall appoint one or more private attorneys to represent the person as provided in s. 27.40*. . . .

. . . .

(2) The court shall appoint conflict counsel pursuant to s. 27.40, first appointing the office of criminal conflict and civil regional counsel and, *if the office is found to have a conflict, appointing private counsel*. . . .

§ 27.5303(1)(a)–(b),(2), Fla. Stat. (2022) (emphasis added). Thus, a trial court in a capital case may appoint private counsel, "as provided in ss. 27.40 and 27.5303," only after it grants a motion to withdraw by the appointed criminal conflict counsel on the basis of a conflict of interest.

But where, as here, the defendant has already retained a private counsel, section 27.511(7), Florida Statutes (2022), prohibits the appointment of criminal conflict counsel to simultaneously represent the defendant in that case. § 27.511(7) Fla. Stat. (stating in part that "[i]f a defendant has retained private counsel, the court may not appoint the office of criminal conflict and civil regional counsel to represent that defendant

8

simultaneously on the same case").  As criminal conflict counsel cannot be appointed in the first place when a defendant has retained private counsel, the subsequent requirement of section 27.40(2)(a) (i.e., that private counsel shall be appointed only after criminal conflict counsel has certified that it cannot represent the defendant because of a conflict of interest) cannot be met.  We are required under the doctrine of in pari materia to construe "statutes relating to the same subject or object . . . together to harmonize the statutes and to give effect to the Legislature's intent." Matheson v. Miami-Dade Cnty., 258 So. 3d 516, 521 (Fla. 3d DCA 2018) (quoting Fla. Dep't of State v. Martin, 916 So. 2d 763, 768 (Fla. 2005)).  Reading section 27.51(2) in pari materia with sections 27.40, 27.5303, and 27.511(7), we conclude that Chapter 27 does not provide in the context of capital cases for private court-appointed counsel where the defendant already has a privately retained counsel but claims he cannot afford a second.  Instead, the defendant must choose between keeping the one privately retained counsel of his choice or dismissing his retained counsel and seeking court-appointed counsel, whether a public defender, criminal conflict counsel, or private court-appointed counsel.  Accordingly, the trial court had no discretion to appoint Moss to serve as a second-chair counsel in Jackson's defense.

Our conclusion is consistent with Florida Rule of Criminal Procedure

9

3.112(e). Rule 3.112 sets forth minimum standards for attorneys in capital cases, and subsection (e) provides in part that "[a] court must appoint lead counsel and, upon written application and a showing of need by lead counsel, should appoint co-counsel to handle every capital trial *in which the defendant is not represented by retained counsel*." Fla. R. Crim. P. 3.112 (e) (emphasis added). The committee's comments to rule 3.112 echo the rule's pronouncement: "A defendant who is represented by retained counsel is not entitled to the appointment of a second lawyer at public expense merely because that defendant is unable to bear the cost of retaining two lawyers." Fla. R. Crim. P. 3.112 Comm. Comments.

Finally, we reject Jackson's contention that Spaziano v. Seminole County, 726 So. 2d 772 (Fla. 1999), constitutes the controlling legal decision on this issue. In Spaziano, the trial court appointed co-counsel at public expense where Spaziano was already represented by "volunteer counsel" in a capital case. The Florida Supreme Court held that the trial court was within its discretionary authority under section 27.53(3), Florida Statutes (1997), to appoint a private attorney as co-counsel where a conflict of interest precluded the public defender from representing Spaziano and the case was "unusual and complex." Id. at 774. The Court noted that the appointed co-counsel had worked more than 200 hours under an initial order of

10

appointment, and that agreeing with Seminole County's challenge to the appointment order "would have raised a constitutional question concerning the right to counsel where, by government action, a defendant is required to change counsel at this stage of the proceedings.  We also note that this case is unique because Spaziano's counsel is a volunteer and the government is not responsible for his compensation."  Id.

Spaziano does not control here because it pre-dates significant changes to chapter 27, particularly the creation of the Offices of Criminal Conflict and Civil Regional Counsel, Ch. 2007–62, § 4, Laws of Fla. (eff. May 24, 2007), and therefore dealt with a different statutory scheme.  Also, it was decided before the July 1, 2000 effective date of rule 3.112, and therefore did not consider the language of subsection (e).  As Spaziano was neither decided in light of rule 3.112 nor under the current version of the relevant statutes, the essential requirements of law do not require its application here to permit appointment of Moss as Davide's co-counsel.

**CONCLUSION**

Because we conclude that the trial court's failure to apply the controlling statutes and rule 3.112(e) constitutes a departure from the essential requirements of law resulting in irreparable harm, we grant the petition and quash the order appointing Moss as co-counsel and directing

11

JAC to pay his attorney fees, costs, and related expenses. We recognize that the result of this decision means that to be eligible for a court appointed private counsel to represent him in the penalty phase in this death penalty case, Jackson must terminate his lead private counsel of choice, who has maintained his defense since 2020. Because we agree with the trial court that the issue is one of great public importance, we also certify the following question to the Florida Supreme Court:

WHETHER SECTION 27.51(2), FLORIDA STATUTES (2022), PROHIBITS HYBRID REPRESENTATION BY COURT-APPOINTED AND PRIVATELY-RETAINED COUNSELS SUCH THAT A TRIAL COURT HAS NO DISCRETION TO APPOINT PRIVATE CO-COUNSEL FOR A DEFENDANT WHO IS FACING THE DEATH PENALTY AND HAS ONE PRIVATELY RETAINED COUNSEL BUT CANNOT AFFORD A SECOND COUNSEL ?

Petition granted; order quashed; question certified.